UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| COACH IP HOLDINGS, LLC, COACH SERVICES, INC., and TAPESTRY, INC., | Civil Action No. 23-cv-10612 |
| | **NOTICE OF REMOVAL** |
| Plaintiffs, | Removed from: |
| v. | Supreme Court of the State of New York, New York County, Index No. 656034/2023 |
| ACS GROUP ACQUISITION LLC, | |
| Defendants. | |

------------------------------------------------------------x

TO:   Clerk of the U.S. District Court for the Southern District of New York:

PLEASE TAKE NOTICE THAT Defendant, ACS Group Acquisition LLC, erroneously sued as ACS Group Acquisitions LLC ("Defendant" or "ACS"), hereby removes to the Court the state court action described herein pursuant to 28 U.S.C. §§ 1331, 1441, 1446 and 1447. Pursuant to 28 U.S.C. § 1446(d) and this Court's Local Rules, copies of this Notice of Removal are being served on all parties at the addresses listed in Plaintiffs' state court complaint and are being filed in the Supreme Court of the State of New York, New York County.

## INTRODUCTION

1. On December 1, 2023, Plaintiffs, Coach IP Holdings, LLC, Coach Services, Inc., and Tapestry Inc. (collectively, "Plaintiffs" or "Coach") filed their complaint ("Complaint") in the Supreme Court of the State of New York, New York County, styled as *Coach IP Holdings, LLC, Coach Services, Inc., and Tapestry Inc. v. ACS Group Acquisitions LLC*, Index No. 656034/2023 (the "State Court Action").

2. The State Court Action concerns the natural expiration of a licensing agreement between Coach and third-party, Vinci Brands, LLC f/k/a Incipio LLC ("Vinci"), under which

1

Vinci had been granted an exclusive license to manufacture certain tech accessories branded with certain of Coach's trademarks (the "License Agreement"). Upon the License Agreement's expiration, Vinci (as the Licensee) had certain rights to continue to sell the Coach-branded inventory already manufactured, and all in-process, non-cancelable orders for Coach-branded tech accessories that had been placed with Vinci before the License Agreement's natural expiration (the "Collateral").

3. ACS is a lender and first-in-order secured creditor of Vinci's, and holds a security interest in all of Vinci's assets, including the Collateral. After months of ignoring Vinci's and ACS's rights under the License Agreement, on November 8, 2023, ACS served Coach with an enforcement notice, by which it notified Coach of its security interest in the Collateral, and its intent to enforce all of Vinci's and ACS's rights under the License Agreement as well as under a certain consent agreement negotiated between Coach, Vinci and Vinci's prior first-in-order secured creditor, Siena Lending Group (the "Consent Agreement") to which ACS has become successor-in-interest (the "Enforcement Letter"). Coach never responded to the Enforcement Letter.

4. Instead, on December 1, 2023, Coach commenced the State Court Action against ACS, alleging claims for violation of the Lanham Act, 15 U.S.C. § 1114 for trademark infringement, and for Unfair Competition and False Advertising under 15 U.S.C. § 1125(a), as well as state law claims for trademark infringement, trademark dilution, declaratory relief, and unfair competition, seeking both damages and injunctive relief.  At the same time, Coach filed an Order to Show Cause and sought a temporary restraining order and preliminary injunction against ACS, seeking to stop ACS from attempting to take possession of and/or sell any of the Collateral (the "OSC").

5. Plaintiffs' allegations in the Complaint and OSC are denied in their entirety.

6. A completed Civil Cover Sheet has been filed herewith. A Notice of Related Case has also been filed herewith. An index of all documents filed in the State Court Action is attached hereto as Exhibit 1, and separately tabbed copies of all documents and proceedings to date in the State Court Action are attached hereto as Exhibits 2-25 as required under § 1446(a). Exhibits 2-23 are copies of the documents served on ACS on December 1, 2023. Exhibits 24 and 25 were downloaded from the NYSCEF website as they were filed during the preparation of these papers, but not served directly on ACS.

## BASIS FOR REMOVAL

### I. Removal is Proper Because This Court Has Original Federal Question Jurisdiction Pursuant to 28 U.S.C. §§ 1331 and 1441(a).

7. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over this action because Plaintiffs have asserted claims under the laws of the United States, specifically 15 U.S.C. §§ 1114 and 1125(a). Therefore, this action could have originally been filed in this Court and is now properly removed to this Court.

8. This action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending" pursuant to 28 U.S.C. § 1441(a). The State Court action was filed within the Southern District of New York—New York County.

### II. Defendant Has Satisfied the Procedural Requirements for Removal.

9. Plaintiffs filed the Complaint in the Supreme Court for the State of New York, New York County on December 1, 2023. Plaintiffs provided copies of the Complaint and OSC to ACS through counsel via email on the same date. Accordingly, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) ("notice of removal of a civil action or proceeding shall be filed

within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based").

10. Upon filing of this Notice of Removal, ACS has promptly given written notice thereof to all adverse parties and filed a copy of the notice with the clerk of the Supreme Court of New York, County of New York as required by § 1446(d).

11. Additionally, Plaintiffs and Defendant are all subject to personal jurisdiction in New York as they all conduct business and maintain offices in the State of New York.

12. No previous application has been made for the removal requested herein.

## **PRESERVATION OF RIGHTS AND DEFENSES**

13. All rights, defenses and objections are reserved, including but not limited to, the right to move for dismissal of the Complaint for *e.g.*, failure to state a claim for relief, and/or any other ground available to ACS under the Federal Rules of Civil Procedure. The filing of this Notice of Removal is subject to, and without waiver of any such defenses and objections.

14. Defendant also reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant, ACS Group Acquisition LLC respectfully gives notice that the above-captioned civil action pending in the Supreme Court of the State of New York, New York County is removed to this Court, pursuant to 28 U.S.C. §§ 1331, 1441, 1446 and 1447.

Dated: December 5, 2023
      New York, New York

                                 LAZARE POTTER GIACOVAS &
                                 MOYLE LLP

                                 By: _____s/ Lainie E. Cohen_____
                                    Robert A. Giacovas
                                    Lainie E. Cohen
                                    Christina Dellaporte
                                 747 Third Avenue, 16th Floor
                                 New York, New York 10017

Telephone: (212) 758-9300
Facsimile: (212) 888-0919
rgiacovas@lpgmlaw.com
lcohen@lpgmlaw.com
cdellaporte@lpgmlaw.com

*Attorneys for Defendant ACS Group Acquisition LLC*