**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Coach IP Holdings, LLC, Coach Services, Inc., and Tapestry, Inc.<br><br>            Plaintiffs,<br><br>v.<br><br>ACS Group Acquisitions LLC and Vinci Brands LLC,<br><br>            Defendants.<br><br>Vinci Brands LLC,<br><br>            Counterclaimant,<br><br>v.<br><br>Coach Services, Inc., Case-Mate, Inc., and CM Brands LLC,<br><br>            Counter-Defendants. | Civil Action No.: 1:23-cv-10612-LGS<br><br>**Hon. Lorna G. Schofield**<br><br><br>**DEFENDANT VINCI BRANDS, LLC'S ANSWER TO COACH IP HOLDINGS, LLC, COACH SERVICES, INC., AND TAPESTRY, INC.'S FIRST AMENDED COMPLAINT AND COUNTERCLAIMS AGAINST COACH SERVICES, INC., CASE-MATE, INC., AND CM BRANDS LLC**<br><br>**(Jury Demand Endorsed Hereon)** |

Defendant Vinci Brands LLC ("Vinci"), for its answer to Plaintiffs Coach IP Holdings, LLC, Coach Services, Inc., and Tapestry, Inc.'s (collectively, "Coach") First Amended Complaint, states as follows:

## INTRODUCTION

1.      Vinci states that the referenced, but not attached, Coach License Agreement speaks for itself and specifically denies the allegations contained in Paragraph 1 of the First Amended Complaint to the extent that the allegations mischaracterize or misstate the contents of the Coach License Agreement.

2.      To the extent the allegations set forth in Paragraph 2 of the First Amended Complaint state legal conclusions, no response from Vinci is required. To the extent a response is required, Vinci states that the referenced, but not attached, Coach License Agreement speaks for itself and specifically denies the allegations contained in Paragraph 2 of the First Amended Complaint to the extent that the allegations mischaracterize or misstate the contents of the Coach License Agreement. Vinci denies all remaining allegations set forth in Paragraph 2 of the First Amended Complaint.

3.      Vinci states that the referenced, but not attached, Coach License Agreement speaks for itself and specifically denies the allegations contained in Paragraph 3 of the First Amended Complaint to the extent that the allegations mischaracterize or misstate the contents of the Coach License Agreement. Vinci admits the remaining allegations set forth in Paragraph 3 of the First Amended Complaint.

4.      Vinci states that the referenced, but not attached, Coach License Agreement speaks for itself and specifically denies the allegations contained in Paragraph 4 of the First Amended Complaint to the extent that the allegations mischaracterize or misstate the contents of the Coach License Agreement. Vinci is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 4 of the First Amended Complaint and therefore denies the same.

5.      Vinci states that the referenced, but not attached, Notice of Non-Payment speaks for itself and specifically denies the allegations contained in Paragraph 5 of the First Amended Complaint to the extent that the allegations mischaracterize or misstate the contents of the Notice of Non-Payment. Vinci denies the remaining allegations set forth in Paragraph 5 of the First Amended Complaint.

6.      To the extent Paragraph 6 of the First Amended Complaint states legal conclusions, no response from Vinci is required. To the extent a response is required, Vinci denies the allegations set forth in Paragraph 6 of the First Amended Complaint.

7.      Vinci states that the referenced, but not attached, Notice of Expiration of License Agreement speaks for itself and Vinci specifically denies the allegations contained in Paragraph 7 of the First Amended Complaint to the extent that the allegations mischaracterize or misstate the contents of the Notice of Expiration of License Agreement. Vinci denies the remaining allegations set forth in Paragraph 7 of the First Amended Complaint.

8.      Vinci denies the allegations set forth in Paragraph 8 of the First Amended Complaint.

9.      Vinci states that the referenced, but not attached, Notice of Coach's Exercise of Rights speaks for itself and specifically denies the allegations contained in Paragraph 9 of the First Amended Complaint to the extent that the allegations mischaracterize or misstate the contents of Notice of Coach's Exercise of Rights.

10.      Vinci states that the referenced, but not attached, Notice of Coach's Exercise of Rights speaks for itself and specifically denies the allegations contained in Paragraph 10 of the First Amended Complaint to the extent that the allegations mischaracterize or misstate the contents of Notice of Coach's Exercise of Rights.

11.      To the extent Paragraph 11 of the First Amended Complaint states legal conclusions, no response from Vinci is required. To the extent a response is required, Vinci denies the allegations set forth in Paragraph 11 of the First Amended Complaint.

12.      To the extent Paragraph 12 of the First Amended Complaint states legal conclusions, no response from Vinci is required. To the extent a response is required, Vinci states

that the referenced, but not attached, Coach License Agreement and Notice of Coach's Exercise of Rights speak for themselves and specifically denies the allegations contained in Paragraph 12 of the First Amended Complaint to the extent that the allegations mischaracterize or misstate the contents of the Coach License Agreement or Notice of Coach's Exercise of Rights.

13.     To the extent Paragraph 13 of the First Amended Complaint states legal conclusions, no response from Vinci is required. To the extent a response is required, Vinci denies the allegations set forth in Paragraph 13 of the First Amended Complaint.

14.     To the extent Paragraph 14 of the First Amended Complaint states legal conclusions, no response from Vinci is required. To the extent a response is required, Vinci states that the referenced, but not attached, Coach License Agreement and Notice of Coach's Exercise of Rights speak for themselves and specifically denies the allegations contained in Paragraph 14 of the First Amended Complaint to the extent that the allegations mischaracterize or misstate the contents of the Coach License Agreement or Notice of Coach's Exercise of Rights.

15.     To the extent Paragraph 15 of the First Amended Complaint states legal conclusions, no response from Vinci is required. To the extent a response is required, Vinci denies the allegations set forth in Paragraph 15 of the First Amended Complaint.

16.     Vinci denies the allegations set forth in Paragraph 16 of the First Amended Complaint.

17.     Vinci states that the referenced, but not attached, August 17, 2023 letter speaks for itself and specifically denies the allegations contained in Paragraph 17 of the First Amended Complaint to the extent that the allegations mischaracterize or misstate the contents of the August 17, 2023 letter. Vinci denies the remaining allegations set forth in Paragraph 17 of the First Amended Complaint.

18.     Vinci states that the referenced, but not attached, August 17, 2023 letter speaks for itself and specifically denies the allegations contained in Paragraph 18 of the First Amended Complaint to the extent that the allegations mischaracterize or misstate the contents of the August 17, 2023 letter. Vinci denies the remaining allegations set forth in Paragraph 18 of the First Amended Complaint.

19.     Vinci states that the referenced, but not attached, August 22, 2023 letter speaks for itself and specifically denies the allegations contained in Paragraph 19 of the First Amended Complaint to the extent that the allegations mischaracterize or misstate the contents of the August 22, 2023 letter. Vinci denies the remaining allegations set forth in Paragraph 19 of the First Amended Complaint.

20.     Vinci states that the referenced, but not attached, August 22, 2023 letter speaks for itself and specifically denies the allegations contained in Paragraph 20 of the First Amended Complaint to the extent that the allegations mischaracterize or misstate the contents of the August 22, 2023 letter. Vinci denies the remaining allegations set forth in Paragraph 20 of the First Amended Complaint.

21.     Vinci states that the referenced, but not attached, August 22, 2023 letter speaks for itself and specifically denies the allegations contained in Paragraph 21 of the First Amended Complaint to the extent that the allegations mischaracterize or misstate the contents of that document. Vinci denies the remaining allegations set forth in Paragraph 21 of the First Amended Complaint.

22.     Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the First Amended Complaint and therefore denies the same.

23.     Vinci denies the allegations set forth in Paragraph 23 of the First Amended Complaint.

24.     The allegations set forth in Paragraph 24 of the First Amended Complaint are not directed to Vinci; thus no response from Vinci is required.

25.     The allegations set forth in Paragraph 25 of the First Amended Complaint are not directed to Vinci; thus no response from Vinci is required.

26.     The allegations set forth in Paragraph 26 of the First Amended Complaint are not directed to Vinci; thus no response from Vinci is required.

27.     The allegations set forth in Paragraph 27 of the First Amended Complaint are not directed to Vinci; thus no response from Vinci is required.

28.     The allegations set forth in Paragraph 28 of the First Amended Complaint are not directed at Vinci; thus no response from Vinci is required. To the extent a response is required, Vinci denies the allegations set forth in Paragraph 28 of the First Amended Complaint.

29.     The allegations set forth in Paragraph 29 of the First Amended Complaint are not directed at Vinci; thus no response from Vinci is required. To the extent a response is required, Vinci denies the allegations set forth in Paragraph 29 of the First Amended Complaint.

30.     The allegations set forth in Paragraph 30 of the First Amended Complaint are not directed at Vinci; thus no response from Vinci is required. To the extent a response is required, Vinci denies the allegations set forth in Paragraph 30 of the First Amended Complaint

## PARTIES

31.     Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the First Amended Complaint and therefore denies the same.

32.     Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the First Amended Complaint and therefore denies the same.

33.     Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the First Amended Complaint and therefore denies the same.

34.     Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the First Amended Complaint and therefore denies the same.

35.     Vinci admits the allegations set forth in Paragraph 35 of the First Amended Complaint.

## JURISDICTION AND VENUE

36.     To the extent Paragraph 36 of the First Amended Complaint states legal conclusions, no response from Vinci is required. To the extent a response is required, Vinci denies the allegations set forth in Paragraph 36 of the First Amended Complaint.

37.     To the extent Paragraph 37 of the First Amended Complaint states legal conclusions, no response from Vinci is required. To the extent a response is required, Vinci denies the allegations set forth in Paragraph 37 of the First Amended Complaint.

38.     To the extent Paragraph 38 of the First Amended Complaint states legal conclusions, no response from Vinci is required. To the extent a response is required, Vinci denies the allegations set forth in Paragraph 38 of the First Amended Complaint.

39.     To the extent Paragraph 39 of the First Amended Complaint states legal conclusions, no response from Vinci is required. To the extent a response is required, Vinci denies the allegations set forth in Paragraph 39 of the First Amended Complaint.

40.     To the extent Paragraph 40 of the First Amended Complaint states legal conclusions, no response from Vinci is required. To the extent a response is required, Vinci denies the allegations set forth in Paragraph 40 of the First Amended Complaint.

41.     To the extent Paragraph 41 of the First Amended Complaint states legal conclusions, no response from Vinci is required. To the extent a response is required, Vinci denies the allegations set forth in Paragraph 41 of the First Amended Complaint.

**FACTS**

42.     Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the First Amended Complaint and therefore denies the same.

43.     Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the First Amended Complaint and therefore denies the same.

44.     Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the First Amended Complaint and therefore denies the same.

45.     Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the First Amended Complaint and therefore denies the same.

46.     Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the First Amended Complaint and therefore denies the same.

47.     Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the First Amended Complaint and therefore denies the same.

48.     Vinci states that the referenced, but not attached, Coach License Agreement speaks for itself and specifically denies the allegations contained in Paragraph 48 of the First Amended Complaint to the extent that the allegations mischaracterize or misstate the contents of the Coach License Agreement. Vinci is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 48 of the First Amended Complaint and therefore denies the same.

49.     Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of the First Amended Complaint and therefore denies the same.

50.     Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of the First Amended Complaint and therefore denies the same.

51.     Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of the First Amended Complaint and therefore denies the same.

52.     Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52 of the First Amended Complaint and therefore denies the same.

53.     Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of the First Amended Complaint and therefore denies the same.

54.     Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 54 of the First Amended Complaint and therefore denies the same.

55.     Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55 of the First Amended Complaint and therefore denies the same.

56.     To the extent Paragraph 56 of the First Amended Complaint states legal conclusions, no response from Vinci is required. To the extent a response is required, Vinci denies the allegations set forth in Paragraph 56 of the First Amended Complaint.

57.     Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the First Amended Complaint and therefore denies the same.

58.     Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of the First Amended Complaint and therefore denies the same.

59.     Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59 of the First Amended Complaint and therefore denies the same.

60.     Vinci states that the reference, but not attached, Coach License Agreement speaks for itself and specifically denies the allegations contained in Paragraph 60 of the First Amended

Complaint to the extent that the allegations mischaracterize or misstate the contents of the Coach License Agreement.

61. Vinci states that the referenced, but not attached, Coach License Agreement and the Amendments thereto speak for themselves and specifically denies the allegations contained in Paragraph 61 of the First Amended Complaint to the extent that the allegations mischaracterize or misstate the contents of the Coach License Agreement and Amendments thereto.

62. Vinci states that the referenced, but not attached, Coach License Agreement speaks for itself and specifically denies the allegations contained in Paragraph 62 of the First Amended Complaint to the extent that the allegations mischaracterize or misstate the contents of the Coach License Agreement.

63. Vinci states that the referenced, but not attached, Coach License Agreement speaks for itself and specifically denies the allegations contained in Paragraph 63 of the First Amended Complaint to the extent that the allegations mischaracterize or misstate the contents of the Coach License Agreement.

64. Vinci states that the referenced, but not attached, Coach License Agreement speaks for itself and specifically denies the allegations contained in Paragraph 64 of the First Amended Complaint to the extent that the allegations mischaracterize or misstate the contents of the Coach License Agreement. Vinci admits the remaining allegations set forth in Paragraph 64 of the First Amended Complaint.

65. Vinci states that the referenced, but not attached, Notice of Expiration of License Agreement speaks for itself and specifically denies the allegations contained in Paragraph 65 of the First Amended Complaint to the extent that the allegations mischaracterize or misstate the

contents of the Notice of Expiration of License Agreement. Vinci denies the remaining allegations set forth in Paragraph 65 of the First Amended Complaint.

66.     Vinci denies the allegations set forth in Paragraph 66 of the First Amended Complaint.

67.     Vinci states that the referenced, but not attached, Notice of Coach's Exercise of Rights speaks for itself and specifically denies the allegations contained in Paragraph 67 of the First Amended Complaint to the extent that the allegations mischaracterize or misstate the contents of Notice of Coach's Exercise of Rights. Vinci denies the remaining allegations set forth in Paragraph 67 of the First Amended Complaint.

68.     Vinci denies the allegations set forth in Paragraph 68 of the First Amended Complaint.

69.     To the extent Paragraph 69 of the First Amended Complaint states legal conclusions, no response from Vinci is required. To the extent a response is required, Vinci denies the allegations set forth in Paragraph 69 of the First Amended Complaint.

70.     To the extent Paragraph 70 of the First Amended Complaint states legal conclusions, no response from Vinci is required. To the extent a response is required, Vinci denies the allegations set forth in Paragraph 70 of the First Amended Complaint.

71.     Vinci denies the allegations set forth in Paragraph 71 of the Amended Complaint.

72.     Vinci denies the allegations set forth in Paragraph 72 of the First Amended Complaint.

73.     Vinci denies the allegations set forth in Paragraph 73 of the First Amended Complaint.

74.     To the extent Paragraph 74 of the First Amended Complaint states legal conclusions, no response from Vinci is required. To the extent a response is required, Vinci states that the referenced, but not attached, Notice of Default speaks for itself and specifically denies the allegations contained in Paragraph 74 of the First Amended Complaint to the extent that the allegations mischaracterize or misstate the contents of Notice of Default.

75.     Vinci denies the allegations set forth in Paragraph 75 of the First Amended Complaint.

76.     Vinci states that the referenced, but not attached, Coach License Agreement speaks for itself and specifically denies the allegations contained in Paragraph 76 of the First Amended Complaint to the extent that the allegations mischaracterize or misstate the contents of the Coach License Agreement. Vinci admits the remaining allegations set forth in Paragraph 76 of the First Amended Complaint.

77.     Vinci states that the referenced, but not attached, Notice of Coach's Exercise of Rights speaks for itself and specifically denies the allegations contained in Paragraph 77 of the First Amended Complaint to the extent that the allegations mischaracterize or misstate the contents of the Notice of Coach's Exercise of Rights. Vinci denies all remaining allegations set forth in Paragraph 77 of the First Amended Complaint.

78.     Vinci states that the referenced, but not attached, Notice of Coach's Exercise of Rights speaks for itself and Vinci specifically denies the allegations contained in Paragraph 78 of the First Amended Complaint to the extent that the allegations mischaracterize or misstate the contents of the Notice of Coach's Exercise of Rights. Vinci denies all remaining allegations set forth in Paragraph 78 of the First Amended Complaint.

79.     Vinci denies the allegations set forth in Paragraph 79 of the First Amended Complaint.

80.     To the extent Paragraph 80 of the First Amended Complaint states legal conclusions, no response from Vinci is required. To the extent a response is required, Vinci denies the allegations set forth in Paragraph 80 of the First Amended Complaint.

81.     To the extent Paragraph 81 of the First Amended Complaint states legal conclusions, no response from Vinci is required. To the extent a response is required, Vinci denies the allegations set forth in Paragraph 81 of the First Amended Complaint.

82.     To the extent Paragraph 82 of the First Amended Complaint states legal conclusions, no response from Vinci is required. To the extent a response is required, Vinci states that the referenced, but not attached, Notice of Non-Payment, Notice of Expiration of License Agreement, Notice of Coach's Exercise of Rights, and August 17, 2023 letter speak for themselves. Vinci denies the remaining allegations set forth in Paragraph 82 of the First Amended Complaint.

83.     Vinci states that the referenced, but not attached, August 17, 2023 letter speaks for itself and specifically denies the allegations contained in Paragraph 83 of the First Amended Complaint to the extent that the allegations mischaracterize or misstate the contents of the August 17, 2023 letter. Vinci denies the remaining allegations set forth in Paragraph 83 of the First Amended Complaint.

84.     The allegations set forth in Paragraph 84 of the First Amended Complaint are not directed to Vinci; thus no response from Vinci is required.

85.     The allegations set forth in Paragraph 85 of the First Amended Complaint are not directed to Vinci; thus no response from Vinci is required.

86.     Vinci denies the allegations set forth in Paragraph 86 of the First Amended Complaint.

87.     Vinci denies the allegations set forth in Paragraph 87 of the First Amended Complaint.

88.     Vinci denies the allegations set forth in Paragraph 88 of the First Amended Complaint.

89.     The allegations set forth in Paragraph 89 of the First Amended Complaint are not directed to Vinci; thus no response from Vinci is required. To the extent a response is required, Vinci denies the allegations set forth in Paragraph 89 of the First Amended Complaint.

90.     The allegations set forth in Paragraph 90 of the First Amended Complaint are not directed to Vinci; thus no response from Vinci is required. To the extent a response is required, Vinci denies the allegations set forth in Paragraph 90 of the First Amended Complaint.

91.     The allegations set forth in Paragraph 91 of the First Amended Complaint are not directed to Vinci; thus no response from Vinci is required.  To the extent a response is required, Vinci denies the allegations set forth in Paragraph 91 of the First Amended Complaint.

92.     Vinci states that the referenced Order to Show Cause & Restraining Order speaks for itself and specifically denies the allegations contained in Paragraph 92 of the First Amended Complaint to the extent that the allegations mischaracterize or misstate the contents of that document.

93.     The allegations set forth in Paragraph 93 of the First Amended Complaint are not directed to Vinci; thus no response from Vinci is required.

94.     The allegations set forth in Paragraph 94 of the First Amended Complaint are not directed to Vinci; thus, no response from Vinci is required.

95.     The allegations set forth in Paragraph 95 of the First Amended Complaint are not directed to Vinci; thus no response from Vinci is required.

96.     The allegations set forth in Paragraph 96 of the First Amended Complaint are not directed to Vinci; thus no response from Vinci is required.

97.     The allegations set forth in Paragraph 97 of the First Amended Complaint are not directed to Vinci; thus no response from Vinci is required.

98.     The allegations set forth in Paragraph 98 of the First Amended Complaint are not directed to Vinci; thus no response from Vinci is required. To the extent a response is required, Vinci denies the allegations set forth in Paragraph 98 of the First Amended Complaint.

99.     The allegations set forth in Paragraph 99 of the First Amended Complaint are not directed to Vinci; thus no response from Vinci is required.

100.    The allegations set forth in Paragraph 100 of the First Amended Complaint are not directed to Vinci; thus no response from Vinci is required.

101.    The allegations set forth in Paragraph 101 of the First Amended Complaint are not directed to Vinci; thus no response from Vinci is required.

102.    The allegations set forth in Paragraph 102 of the First Amended Complaint are not directed to Vinci; thus no response from Vinci is required.

103.    The allegations set forth in Paragraph 103 of the First Amended Complaint are not directed to Vinci; thus no response from Vinci is required.

104.    The allegations set forth in Paragraph 104 of the First Amended Complaint are not directed to Vinci; thus no response from Vinci is required.

105.    The allegations set forth in Paragraph 105 of the First Amended Complaint are not directed to Vinci; thus no response from Vinci is required.

106.    The allegations set forth in Paragraph 106 of the First Amended Complaint are not directed to Vinci; thus no response from Vinci is required.

107.    The allegations set forth in Paragraph 107 of the First Amended Complaint are not directed to Vinci; thus no response from Vinci is required.

108.    The allegations set forth in Paragraph 108 of the First Amended Complaint are not directed to Vinci; thus no response from Vinci is required.

## First Cause of Action (ACS)

### (Federal Trademark Infringement under 15 U.S.C. § 1114)

109.    Vinci realleges and incorporates herein its answers in the foregoing and following paragraphs as if fully set forth herein.

110.    The First Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

111.    The First Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

112.    The First Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

113.    The First Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

114.    The First Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

115.    The First Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

116.    The First Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

117.    The First Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

118.    The First Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

119.    The First Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

120.    The First Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

121.    The First Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

122.    The First Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

123.    The First Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

124.    The First Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

**Second Cause of Action (ACS)**

**(Federal Unfair Competition and False Advertising under 15 U.S.C. § 1125(a))**

125.    Vinci realleges and incorporates herein its answers to the foregoing and following paragraphs as if fully set forth herein.

126.    The Second Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

127.    The Second Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

128.     The Second Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

129.     The Second Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

130.     The Second Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

131.     The Second Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

132.     The Second Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

## **Third Cause of Action (ACS)**

### **(Declaratory Judgment)**

133.     Vinci realleges and incorporates herein its answers to the foregoing and following paragraphs as if fully set forth herein.

134.     The Third Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

135.     The Third Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

136.     The Third Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

137.     The Third Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

138.     The Third Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

139.    The Third Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

140.    The Third Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

141.    The Third Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

142.    The Third Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

143.    The Third Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

144.    The Third Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

145.    The Third Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

146.    The Third Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

147.    The Third Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

148.    The Third Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

149.    The Third Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

150.    The Third Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

151.    The Third Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

### Fourth Cause of Action (ACS)

### (New York Trademark Infringement, N.Y. Gen. Bus. Law § 360)

152.    Vinci realleges and incorporates herein its answers to the foregoing and following paragraphs as if fully set forth herein.

153.    The Fourth Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

154.    The Fourth Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

155.    The Fourth Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

156.    The Fourth Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

157.    The Fourth Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

158.    The Fourth Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

159.    The Fourth Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

160.    The Fourth Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

161.    The Fourth Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

162.    The Fourth Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

## Fifth Cause of Action (ACS)

### (New York Trademark Dilution, N.Y. Gen. Bus. Law § 360-L)

163.    Vinci realleges and incorporates herein its answers to the foregoing and following paragraphs as if fully set forth herein.

164.    The Fifth Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

165.    The Fifth Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

166.    The Fifth Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

167.    The Fifth Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

## Sixth Cause of Action (ACS)

### (Common Law Unfair Competition)

168.    Vinci realleges and incorporates herein its answers to the foregoing and following paragraphs as if fully set forth herein.

169.    The Sixth Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

170.    The Sixth Cause of Action in the First Amended Complaint is not directed to Vinci; thus no response from Vinci is required.

22

## Seventh Cause of Action (Vinci)

### (Breach of Contract: §§ 3.1(c), 7.2, 8.1, 8.2, 8.3, 9.1, 9.2, 10.3, and 11 of the Coach License Agreement)

171.    Vinci realleges and incorporates herein its Answers contained to the foregoing and following paragraphs as if fully set forth herein.

172.    To the extent Paragraph 172 of the First Amended Complaint states legal conclusions, no response from Vinci is required. To the extent a response is required, Vinci denies the allegations set forth in Paragraph 172 of the First Amended Complaint.

173.    Vinci denies the allegations set forth in Paragraph 173 of the First Amended Complaint.

174.    Vinci denies the allegations set forth in Paragraph 174 of the First Amended Complaint.

175.    Vinci denies the allegations set forth in Paragraph 175 of the First Amended Complaint.

176.    Vinci denies the allegations set forth in Paragraph 176 of the First Amended Complaint.

177.    Vinci denies the allegations set forth in Paragraph 177 of the First Amended Complaint.

## Eighth Cause of Action (Vinci)

### (Federal Trademark Infringement under 15 U.S.C. § 1114)

178.    Vinci realleges and incorporates herein its answers to the foregoing and following paragraphs as if fully set forth herein.

179.     To the extent Paragraph 179 of the First Amended Complaint states legal conclusions, no response from Vinci is required. To the extent a response is required, Vinci denies the allegations set forth in Paragraph 179 of the First Amended Complaint.

180.     Vinci is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 180 of the First Amended Complaint and therefore denies the same.

181.     To the extent Paragraph 181 of the First Amended Complaint states legal conclusions, no response from Vinci is required. To the extent a response is required, Vinci denies the allegations set forth in Paragraph 181 of the First Amended Complaint.

182.     To the extent Paragraph 182 of the First Amended Complaint states legal conclusions, no response from Vinci is required. To the extent a response is required, Vinci denies the allegations set forth in Paragraph 182 of the First Amended Complaint.

183.     Vinci states that the referenced, but not attached, August 22, 2023 letter speaks for itself and specifically denies the allegations contained in Paragraph 183 of the First Amended Complaint to the extent that the allegations mischaracterize or misstate the contents of the August 22, 2023 letter. Vinci denies the remaining allegations set forth in Paragraph 183 of the First Amended Complaint.

184.     Vinci states that the referenced, but not attached, August 22, 2023 letter speaks for itself and specifically denies the allegations contained in Paragraph 184 of the First Amended Complaint to the extent that the allegations mischaracterize or misstate the contents of that document. Vinci denies the remaining allegations set forth in Paragraph 184 of the First Amended Complaint.

185.     Vinci denies the allegations set forth in Paragraph 185 of the First Amended Complaint.

186.     Vinci denies the allegations set forth in Paragraph 186 of the First Amended Complaint.

187.     Vinci denies the allegations set forth in Paragraph 187 of the First Amended Complaint.

188.     Vinci denies the allegations set forth in Paragraph 188 of the First Amended Complaint.

189.     Vinci denies the allegations set forth in Paragraph 189 of the First Amended Complaint.

190.     Vinci denies the allegations set forth in Paragraph 190 of the First Amended Complaint.

191.     Vinci denies the allegations set forth in Paragraph 191 of the First Amended Complaint.

192.     Vinci denies the allegations set forth in Paragraph 192 of the First Amended Complaint.

193.     Vinci denies the allegations set forth in Paragraph 193 of the First Amended Complaint.

## Ninth Cause of Action (Vinci)

### (Declaratory Judgment)

194.     Vinci realleges and incorporates herein its Answers to the foregoing and following paragraphs as if fully set forth herein.

195.   To the extent Paragraph 195 of the First Amended Complaint states legal conclusions, no response from Vinci is required. To the extent a response is required, Vinci denies the allegations set forth in Paragraph 195 of the First Amended Complaint.

196.   Vinci denies the allegations set forth in Paragraph 196 of the First Amended Complaint.

197.   Vinci admits the allegations set forth in Paragraph 197 of the First Amended Complaint.

198.   Vinci denies the allegations set forth in Paragraph 198 of the First Amended Complaint.

199.   Vinci states that the referenced, but not attached, August 22, 2023 letter speaks for itself and specifically denies the allegations contained in Paragraph 199 of the First Amended Complaint to the extent that the allegations mischaracterize or misstate the contents of that document. Vinci denies the remaining allegations set forth in Paragraph 199 of the First Amended Complaint.

200.   Vinci states that the referenced, but not attached, August 22, 2023 letter speaks for itself and specifically denies the allegations contained in Paragraph 200 of the First Amended Complaint to the extent that the allegations mischaracterize or misstate the contents of that document. Vinci denies the remaining allegations set forth in Paragraph 200 of the First Amended Complaint.

201.   Vinci denies the allegations set forth in Paragraph 201 of the First Amended Complaint.

202.   Vinci denies the allegations set forth in Paragraph 202 of the First Amended Complaint.

203. Vinci denies the allegations set forth in Paragraph 203 of the First Amended Complaint.

204. Vinci denies the allegations set forth in Paragraph 204 of the First Amended Complaint.

205. To the extent Paragraph 205 of the First Amended Complaint states legal conclusions, no response from Vinci is required. To the extent a response is required, Vinci denies the allegations set forth in Paragraph 205 of the First Amended Complaint.

206. To the extent Paragraph 206 of the First Amended Complaint states legal conclusions, no response from Vinci is required. To the extent a response is required, Vinci denies the allegations set forth in Paragraph 206 of the First Amended Complaint.

207. Vinci denies the allegations set forth in Paragraph 207 of the First Amended Complaint.

208. Vinci denies every allegation not expressly admitted herein.

## AFFIRMATIVE DEFENSES

Vinci expressly reserves the right to plead additional affirmative and other defenses should discovery reveal any such defenses in this case. Vinci asserts the following defenses without assuming the burden of proof as to any issue that would otherwise rest upon Coach:

### FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The First Amended Complaint is barred or reduced to the extent that Plaintiffs failed to mitigate damages.

### THIRD AFFIRMATIVE DEFENSE

The First Amended Complaint is barred, in whole or in part, by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

The First Amended Complaint is barred, in whole or in part, by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

The First Amended Complaint is barred, in whole or in part, by the doctrine of acquiescence.

### SIXTH AFFIRMATIVE DEFENSE

The First Amended Complaint is barred, in whole or in part, by laches and other pertinent equitable principles.

### SEVENTH AFFIRMATIVE DEFENSE

The First Amended Complaint is barred in whole or in part by Plaintiffs' failure to provide adequate notice of their claims.

### EIGHTH AFFIRMATIVE DEFENSE

Vinci denies any and all culpability and liability, but if the Court ultimately finds Vinci liable, then the liability of Vinci, if any, is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability, including named parties and others over whom Plaintiffs' could have obtained personal jurisdiction with due diligence.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the merger doctrine.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages are subject to offset due to damages caused by Plaintiff to Vinci.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by Plaintiffs' material breach of the applicable agreements.

## TWELFTH AFFIRMATIVE DEFENSE

Vinci's alleged breaches, if any, are excused by Plaintiff's own breaches of the Coach License Agreement.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred as contrary to public policy.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by Plaintiffs' failure to join an indispensable party.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' reliance on parol evidence contrary to the express and unambiguous terms of the agreements at issue.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the lack of dilution, lack of commercial goodwill, prior commercial use, implied license, and actual license and assignment of the trademarks at issue.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by Plaintiffs' prevention of Vinci's performance under the agreements at issue.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the force majeure clause(s) in the agreements at issue.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by Plaintiffs' failure to act in a commercially reasonable manner.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Vinci reserves the right to assert and pursue any additional defenses that may become known through discovery or otherwise through the pendency of this action.

WHEREFORE, having fully answered, Vinci respectfully requests that the Court dismiss the First Amended Complaint, with Plaintiffs to bear the costs of this action.

## COUNTERCLAIM AGAINST COACH SERVICES, INC., CASE-MATE, INC., AND CM BRANDS LLC

Defendant and Counterclaimant Vinci Brands LLC ("Vinci") by its attorneys, Benesch Friedlander Coplan and Aronoff, LLP for its Counterclaims against Plaintiff and Counterclaim-Defendant Coach Services, Inc. ("Coach"), and against Case-Mate, Inc. ("Case-Mate") and CM Brands LLC ("CM Brands") alleges and states as follows:

## NATURE OF THE ACTION

1.      This is an action for damages against Coach for breach of its obligations under a License Agreement, and against Case-Mate and CM Brands for tortious interference with Vinci's contract with Coach and for tortious interference with Vinci's contracts and business relationships/prospective business advantage.

## PARTIES

2.      Vinci is in the business of, among other things, providing consumer technology protection, carry, and power solutions. Vinci has a diverse portfolio of owned and licensed brands that offers protective cases for cellular phones, shells, sleeves, bags, and power management, having sold under brands such as Kate Spade and Coach New York.

3.      Vinci is a limited liability company organized under the State of Delaware and has two members, Steve Latkovic, an individual domiciled in Ohio, and Glenn Pollock, an individual domiciled in Florida.

4.      Upon information and belief, Coach is a corporation organized under the laws of the State of Delaware, with its principal place of business in New York, New York.

5.      Upon information and belief, Case-Mate is a corporation organized and existing under the laws of the state of Georgia, with its principal place of business in Atlanta, Georgia.

6.      Upon information and belief, CM Brands is a limited liability company organized and existing under the laws of the State of Georgia, with its principal place of business in Atlanta, Georgia.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

8.      This Court has personal jurisdiction over Coach under N.Y. CPLR 301 and 302 as, upon information and belief, it is a resident of New York, regularly transacts business in New York, and breached the contract at issue in New York. In addition, Coach is bound to Paragraph 20.3 of the License Agreement and, as such, submitted itself to the personal jurisdiction of this Court.

9.      This Court has personal jurisdiction over Case-Mate and CM Brands under N.Y. CPLR 301 and 302 as, upon information and belief, they are residents of New York, regularly transact business in New York, and committed tortious acts within New York, and/or committed a tortious act that caused an injury within New York.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## FACTS

**A.      The License Agreement and Amendments Thereto**

11.      On or about January 7, 2019, Tapestry, Inc. ("Tapestry") and Coach IP Holdings, LLC ("Coach IP") entered into a License Agreement with Incipio, LLC ("Incipio").

12.      Pursuant to the License Agreement, Tapestry and Coach IP, the Licensors, granted to Incipio, the Licensee, and the Licensee accepted, a license to "use the Licensed Mark(s) in the Territory as a trademark(s)" in connection with the manufacture, advertising, merchandising, promotion, sale and distribution of Approved Licensed Merchandise to Approved Customers." License Agreement, § 2.1(a).

13.      The parties' obligations under the License Agreement commenced on the Effective Date of the License Agreement, January 7, 2019, and continued through the Initial Term of the Agreement, June 30, 2023. *Id.*, § 3.1(a) and Schedule 3.1 thereto.

14.      Pursuant to the License Agreement, the Licensee agreed to pay the Licensor a Sales Royalty and various fees for each Contract Year in accordance with the schedule set forth therein. *Id.*, § 9.1(a) and Schedule 9.

15.      Pursuant to the License Agreement, the Licensee agreed to pay the Licensor Guaranteed Minimum Royalties ("GMR") for each Contract Year (as that term is defined in the License Agreement and amendments thereto) in accordance with the schedule set forth therein. *Id.*, § 8.1 and Schedule 8.

16.      However, in Schedule 8 of the License Agreement, "[t]he parties agree[d] to renegotiate in good faith the Guaranteed Minimum Royalties for a given Contract Year if…[t]here is at least 10% loss of distribution in such given Contract Year that is beyond Licensee's control…or…[t]here is an unexpected variance (favorable or negative) in launch years or product

introduction, or there are material device shortages or recalls outside of Licensee's control." *Id.*, Schedule 8.

17.     Upon expiration or termination of the License Agreement, the Licensee is permitted to complete production of Approved Licensed Merchandise which is in process, or for which written orders have been received by customers, all as of the date of expiration or termination of the agreement. *Id.*, § 11.2. The Licensee is also permitted to sell to customers Licensed Merchandise that was subject to a written order from a customer as of the date of expiration or termination. *Id*. Other finished inventory and merchandise "in process" is subject to an "Inventory Purchase Option" of Licensor, which permits Licensor to purchase such merchandise for a price equal to Licensee's cost plus freight. *Id.*, §§11.1(d), 11.2.

18.     If Licensor's Inventory Purchase Option is not exercised in full with respect to Licensed Merchandise subject to it, and if Licensee is not in default under the License Agreement, Licensee is permitted to use the Licensed Marks and sell Approved License Merchandise "on an exclusive basis" for the four (4) month period immediately following the expiration of the Purchase Option Period. This is known as Licensee's "Royalty Option." Licensee is obligated to pay Licensor the Sales Royalty on sales of Licensed Merchandise made pursuant to the Royalty Option. *Id.*, § 11.3.

19.     The License Agreement contains a forum selection clause, through which the parties agreed "that the State and Federal courts sitting in the State, County, and City of New York have exclusive jurisdiction in any action arising out of or connected in any way with the [License Agreement]." *Id.*, § 21.3.  To that end, each party to the License Agreement consented to personal jurisdiction of and venue in the State and Federal courts sitting in the State, County, and City of

New York. *Id.* The parties to the License Agreement further agreed that the Agreement would be construed and interpreted in accordance with the laws of the State of New York. *Id.*

20.     On or about November 17, 2020, Coach[1], as Licensor, and Incipio, as Licensee, entered into the First Amendment to the License Agreement.

21.     On or about September 17, 2021, Coach, as Licensor, and Incipio, as Licensee, entered into the Second Amendment to the License Agreement.

22.     On or about August 6, 2021, Vinci entered into a Sale Agreement with Incipio whereby Incipio transferred and assigned, and Vinci accepted and assumed, the License Agreements and all amendments thereto.

23.     On or about September 17, 2021, Vinci and Coach executed a Consent Agreement through which (a) the Licensee (Incipio) assigned all of its rights and obligations under the License Agreement, as amended, to Vinci and (b) Coach consented to the assignment.

24.     On June 30, 2023, the License Agreement terminated and was not renewed.

**B.     Covid Outbreak and Other Events in China Cause Significant Business Disruption**

25.     In the Fall of 2022, the Omicron variant of SARS-CoV-2, the virus that causes COVID-19, began causing widespread business disruption through China.

26.     In October and November 2022, Foxconn's factory in Zhengzhou, China, the world's biggest iPhone factory, was hit with the Omicron outbreak, which significantly disrupted the production of iPhones.

27.     The Chinese government's "zero-Covid" policy then led it to mandate a quarantine of the factory.

---

[1] The Licensor was changed from Tapestry, Inc. and Coach IP Holdings, LLC to Coach Services, Inc. in the First Amendment to the License Agreement.

28.    In addition, in November 2022, thousands of employees walked away from the factory following complaints about unsafe working conditions. A violent protest ensued over these conditions, as well as unmet pay expectations.

29.    During this time, Apple announced that Foxconn's factory in Zhengzhou was operating at significantly reduced capacity, and that it now expected lower iPhone 14 Pro and iPhone 14 Pro Max shipments than it had previously.

30.    The resulting shortage of iPhones and disruption of the iPhone 14 launch caused a severe deleterious impact on sales of iPhone cases and other accessories, resulting in a significant decrease in revenues for Vinci, in both the short term and long term.

31.    By the time that retailers recognized that there would not be sufficient supply of iPhone 14s, it was too late to change their forecasts for cases and accessories. Retailers thus proceeded to cancel or reduce purchase orders for product that had already been produced based on previously formulated forecasts, causing a significant loss of distribution of phone cases for Vinci.

32.    Based on the shortage of iPhone 14s, retailers sold substantially fewer cases, causing their own inventory of cases to pile up. This led to retailers' delaying payment to iPhone case companies for product already received, as national retailers normally do not pay for products that have not sold through to the end user.

33.    Phone case vendors, such as Vinci, thus found themselves squeezed from a cash perspective—they were stuck with extra inventory, not getting paid for goods already shipped to customers, had to pay their suppliers for goods already produced, and were not able to sell their product on time or at the normal price. This led to an unexpected and dramatic reduction in Vinci's revenue from the last quarter of 2022 into 2023.

34.     Apple's production delays due to the Omicron outbreak, lockdowns and quarantines, strikes, and civil unrest were an unforeseeable circumstance for any company that derives revenue from the iPhone eco-system.

35.     The drastic effects of these events in China on the mobile phone accessory industry were well-known to Coach.

36.     In its February 2023 10-Q filing, Tapestry—the parent company of Coach-- acknowledged the impact of COVID-19 stating: "The ongoing Covid-19 pandemic continues to impact a significant majority of the regions in which we operate resulting in significant global business disruptions. The widespread impact of Covid-19 resulted in temporary closures of directly operated stores globally as well as at our wholesale and licensing partners starting in fiscal 2020. Since then certain directly operated stores and the stores of our wholesale and licensing partners have experienced temporary re-closures or are operating under tighter restrictions in compliance with local government regulation."

37.     The drastic effects of these events on Vinci were also well-known to Coach. Beginning in December 2022, Vinci communicated to Tapestry and Coach the tremendous negative effect the events were having on its sales, on its revenues, and on its ability to pay royalties and license fees to Coach.

38.     As noted above, Schedule 8 of the License Agreement provides that the parties agree to renegotiate the Guaranteed Minimum Royalties if there is at least 10% loss of distribution, an unexpected variance in product introduction, or material device shortages outside of Licensee's control.

39.     Such good faith negotiations did not occur, despite the fact that the events in China, outside Vinci's control, obviously disrupted Apple's launch and introduction of the iPhone 14 and

caused the resulting shortage of iPhone devices, which resulted in the cancellation of orders by Vinci's distributors and customers and a greater than 10% loss of distribution by Vinci. Instead, Coach insisted on the full GMR for the Contract Year.

40.     On November 6, Steve Latkovic emailed Coach highlighting its failure to renegotiate the GMR.

**C.     The License Agreement Expires and Coach Breaches its Obligations Under the License Agreement**

41.     On June 15, 2023, Coach sent Vinci a Notice of Non-Payment claiming that Vinci owed $597,849.46 in GMR and Image Fund Payments. The GMR was far in excess of royalties that Vinci would owe based on its actual sales, which had been severely affected by the events in China and which Coach was well aware of.

42.     On July 1, 2023, Coach sent Vinci a Notice of Expiration of Coach License Agreement ("Notice of Expiration") notifying Vinci that the License Agreement had expired on June 30 and that Coach would not renew the Agreement. The Notice of Expiration also stated that Vinci was not authorized to take any further action with respect to the manufacture, distribution, promotion or sale of Licensed Merchandise other than those permitted under Section 11 of the License Agreement or as expressly authorized by Coach in writing.

43.     On July 3, 2023, Coach sent Vinci a Notice of Coach's Rights. Coach's Notice of Rights improperly, and in direct violation of Vinci's post-termination rights under Section 11 of the License Agreement, prohibited Vinci from selling Licensed Merchandise to *any* third parties for *any* purpose without limitation. It further specifically prohibited Vinci "from selling Licensed Merchandise on or through any sales channels owned, operated, or controlled by Vinci, including, without limitation, Incipio.com," and demanded that Vinci send, by July 5, 2023, a written communication "confirming that all Licensed Merchandise and all uses of the Licensed Marks

have been removed from Incipio.com and/or any other sales channels owned, operated, or controlled by Vinci."

44.     The Notice of Coach's Rights was in direct contravention of the License Agreement, which permits Vinci to sell Licensed Merchandise to customers that had placed written orders with Vinci on or before the expiration date.

45.     The Notice of Coach's Rights expressly acknowledged that Section 11.2 of the License Agreement permitted Vinci to complete the production of Approved Licensed Merchandise in-process or subject to written orders from customers. The Notice further acknowledged that Coach itself had submitted certain non-cancelable purchase orders itself, which Vinci was required to produce and fulfill pursuant to Section 4.4 of the License Agreement.  The Notice of Coach's Rights provided that Coach would cancel its non-cancelable orders if not delivered by August 2023. Nevertheless, as discussed below, Coach during this time was taking actions that made it impossible for Vinci to fulfill any customer orders, including Coach's own.

46.     The Notice of Coach's Rights also notified Vinci of Coach's intent to exercise its Inventory Purchase Option under the License Agreement and demanded that Vinci provide, within thirty (30) days, an account list and inventory schedule.

47.     On August 17, 2023, Coach sent a letter to Vinci asserting that all Licensed Merchandise—including Licensed Merchandise that was subject to written orders from customers as of the expiration of the Agreement on June 30--were now subject to Coach's Inventory Purchase Option. This assertion was in direct contravention of Vinci's post-termination rights, which permit it to sell Licensed Merchandise to customers that had placed written orders as of the expiration date of the License Agreement. Coach offered no explanation for its assertion.

48.     That letter also demanded from Vinci information not required under the License Agreement (such as each product's "device compatibility" and "landed cost" of its entire inventory of Licensed Merchandise (both completed inventory and in-process goods).

49.     On August 21, 2023, Coach sent Vinci another letter demanding that Vinci pay the GMR and Image Fund for the third quarter of 2023.

50.     The next day, Vinci sent Coach an Inventory In-Process Schedule and an Inventory On Hand Schedule.

51.     As of August 22, 2023, Vinci had provided Coach with all information required by Section 11 of the License Agreement. Nevertheless, over the next couple of months, Coach repeatedly requested additional information from Vinci that was ***not*** required by Section 11 of the License Agreement.

52.     On October 25, 2023, Coach sent Vinci a letter exercising its Inventory Purchase Option and again requested information that was not required under Section 11 of the License Agreement.

53.     On November 6, 2023, Vinci notified Coach that it would continue to comply with its obligations under Section 11 of the License Agreement. Vinci also notified Coach that Coach had breached the License Agreement by failing to renegotiate the GMR and by interfering with Vinci's ability to complete and sell Coach merchandise in accordance with its post-expiration under Section 11 of the License Agreement.

**D.     Coach Services Interferes with Vinci's Post-Termination Rights**

54.     Vinci had Approved Licensed Merchandise "in process" as of the date of the expiration of the License Agreement on June 30, 2023. On August 22, 2023, Vinci sent Coach a schedule of inventory in process.

55.     As of June 30, 2023, Vinci also had written orders from retailers and distributors for Coach-branded phone accessories to be sold as part of the Fall 2023 new iPhone launch. These included, but were not limited to, orders from SoftBank Corp., FOX.Inc, Pacificomm, CellnetNZ, and Best Buy Canada.

56.     In fact, from March 2023 through June 2023, Coach itself had submitted written orders to Vinci for Coach-branded photo accessories, which Coach itself called "non-cancelable."

57.     Upon information and belief, Coach has communicated to Vinci's suppliers, customers, and distributors that since June, Vinci no longer has the right to sell or complete manufacturing of Coach merchandise.

58.     Due to Coach' improper interference, Vinci's suppliers would not complete Vinci's orders. Thus, Vinci was unable to complete written and in-process orders—including orders from Coach itself-- which it is entitled to do pursuant to Section 11 of the License Agreement.

**E.     Coach Cancels Its Non-Cancelable Order**

59.     Despite the non-cancelable nature of the orders Coach itself had submitted to Vinci, Coach, in its July 3 Notice of Rights, threatened to cancel all orders not delivered by August 2023 (or such later date set forth in the applicable purchase order).  When Vinci was unable to deliver Coach's order by that date due to Coach's own interference with Vinci's suppliers, Coach canceled the order.

60.     Coach was not permitted to cancel such orders. The cancellation of those orders caused Vinci financial harm, since Vinci paid for the production of those orders but never received payment from Coach—thus losing both its manufacturing costs and profit it would have made. Further, any delay in Vinci's performance was caused by Coach' interference with Vinci's suppliers.

61.     In March 2023, Coach and Vinci's competitor, Case-Mate, and Case-Mate's parent company, CM Brands, engaged in discussions about a licensing agreement.

62.     On information and belief, these discussions resulted in Coach and Case-Mate signing a License Agreement, which permitted Case-Mate to replace Vinci as Coach's licensee for the production of protective cases and other tech accessories.

63.     Case-Mate and CM Brands wanted to ensure that Vinci would not hinder or impede Case-Mate's stepping into Vinci's shoes in its relationship with Vinci's suppliers and customers for Coach-branded merchandise.

64.     Accordingly, Case-Mate and CM Brands insisted that Coach not permit Vinci to fully exercise its rights under the License Agreement to produce and sell certain Coach merchandise even after the expiration of Vinci's License Agreement.

65.     In fact, when Case-Mate's CEO Steve Marzio learned that Vinci was communicating with its suppliers and customers in or around June 2023 to inform them of its continuing ability to produce and sell Coach merchandise even after expiration of the License Agreement, he insisted to Coach that it take strong action to stop Vinci from doing this.

66.     Case-Mate's and CM Brands' actions induced Coach to breach its License Agreement with Vinci by pressuring Vinci's suppliers and customers to stop working with Vinci, thereby interfering with Vinci's post-expiration rights.

67.     On information and belief, Case-Mate and CM Brands also insisted that Coach breach its own non-cancelable order with Vinci for Coach merchandise, so that Case-Mate could step into Vinci's shoes and produce that merchandise for Coach, thereby obtaining for Case-Mate and CM Brands the profits that Vinci would have obtained from completing that order.

68.     As a result of Case-Mate's and CM Brands' actions, Coach breached its non-cancelable order with Vinci, thereby depriving Vinci of the benefits of that order.

69.     At all times, Vinci performed all of its material obligations under the License Agreement.

70.     Starting no later than June 2023, Case-Mate and CM Brands also contacted Vinci's suppliers and customers directly to falsely claim that Case-Mate was Coach's "exclusive" licensee and to pressure them to stop doing business with Vinci, despite Vinci's continuing ability to produce and sell Coach merchandise under the License Agreement in June 2023, and thereafter, pursuant to its post-expiration rights under the License Agreement.

71.     Case-Mate and CM Brands also threatened suppliers and customers with legal repercussions if they continued to work with Vinci.

72.     As a result, suppliers that had already contracted with Vinci to produce Coach merchandise breached those contracts and refused to deliver the contracted-for merchandise. These suppliers included, but were not limited to, Dongguan Salmon Electronic Technology Co., Ltd. (Salmon) and Chunlam Group (international) Co., Ltd. (ChunLam).

73.     Similarly, customers that had contracted with Vinci and transmitted written forecasts and/or purchase orders for Coach merchandise breached those contracts and refused to take delivery and pay for the merchandise they had ordered. These customers included, but were not limited to, SoftBank Corp. and FOX.Inc.

74.     This improper and unlawful pressure campaign by Case-Mate and CM Brands was based on a fundamental falsehood, since Case-Mate was not in fact Coach's "exclusive" "licensee" at the times Case-Mate and CM Brands communicated with Vinci's suppliers and customers, and

Vinci remained authorized and able to produce and sell Coach merchandise through June 30, 2023 under the License Agreement and thereafter pursuant to its post-expiration rights.

75.     Case-Mate's and CM Brands' actions deprived Vinci of the profits it would have gained had it been permitted to exercise its post-expiration rights.

76.     Case-Mate's and CM Brands' actions also severely damaged Vinci's relationships with its suppliers and customers and its prospective business advantage, as those actions tarnished Vinci's reputation in the trade and thereby made Vinci's once loyal business partners unwilling to do business with Vinci in the future.

## FIRST CLAIM FOR RELIEF

### (Coach's Breach of Contract of Section 11 of the License Agreement)

77.     Vinci incorporates the preceding paragraphs as though fully set forth herein.

78.     The License Agreement, including all amendments thereto, is a valid and enforceable contract.

79.     Pursuant to the Consent Agreement, Vinci assumed the rights and obligations of the Licensee under the License Agreement, and Coach acknowledged and consented thereto.

80.     Vinci has performed all of its material obligations under the License Agreement or is otherwise excused from being deemed in default of the License Agreement.

81.     Coach breached its obligations under Section 11 of the License Agreement by interfering with and preventing Vinci from completing the production of Licensed Merchandise which is in processor for which written orders have been received from customers.

82.     Coach also breached its obligations under Section 11 of the License Agreement by preventing Vinci from being able to complete the sale of Licensed Merchandise to customers that had placed written orders with Vinci as of June 30, 2023.

83.     As a result of Coach's aforementioned breaches, Vinci has sustained damages in an amount to be determined at trial but not less than $75,000.00.

## SECOND CLAIM FOR RELIEF

### (Coach's Breach of Contract for Cancelation of Non-Cancellable Orders)

84.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

85.     The License Agreement, including all amendments thereto, is a valid and enforceable contract.

86.     Pursuant to the Consent Agreement, Vinci assumed the rights and obligations of the Licensee under the License Agreement, and Coach acknowledged and consented thereto.

87.     Vinci performed all of its material obligations under the License Agreement or is otherwise excused from being deemed in default of the License Agreement.

88.     Coach breached its obligations under the License Agreement by canceling certain non-cancelable orders for Licensed Merchandise that it had submitted in writing to Vinci, and by interfering with Vinci's ability to complete production and delivery of that Merchandise.

89.     As a result of Coach's aforementioned breaches, Vinci has sustained damages in an amount to be determined at trial but not less than $75,000.00.

## THIRD CLAIM FOR RELIEF

### (Declaratory Judgment)

90.     Vinci incorporates the preceding paragraphs as though fully set forth herein.

91.     The License Agreement, including all amendments thereto, is a valid and enforceable contract.

92.     Pursuant to the Consent Agreement, Vinci assumed the rights and obligations of the Licensee under the Licensee Agreement, and Coach acknowledged and consented thereto.

93.     Pursuant to Schedule 8 of the License Agreement, the parties agreed to renegotiate in good faith the GMR for a given Contract Year if, for reasons beyond Licensee's control, there is at least a 10% loss in distribution in that Contract Year, an unexpected variance in launch years or product introduction, or there are material device shortages.

94.     Covid-19, government lockdowns, strikes, and civil unrest in China led to at least a 10% loss in distribution of iPhone accessories by Vinci, an unexpected variance in the launch and introduction of the iPhone 14, and a material shortage of iPhone 14 devices.

95.     Coach was therefore required to renegotiate in good faith the amount of GMR.

96.     Coach did not renegotiate in good faith the amount of GMR, despite the requirement that it do so, and despite Vinci's request that Coach do so.

97.     Therefore, the amount of GMR Vinci owes is in dispute, and Vinci is entitled to a declaratory judgment declaring that Coach must renegotiate the GMR.

98.     An actual and justiciable controversy thus exists regarding the meaning and application of Schedule 8 of the License Agreement.

## FOURTH CLAIM FOR RELIEF

### (Case-Mate's and CM Brands' Tortious Interference With Vinci's License Agreement With Coach)

99.     Vinci incorporates the preceding paragraphs as though fully set forth herein.

100.    The License Agreement, including all amendments thereto, is a valid and enforceable contract.

101.    Pursuant to the Consent Agreement, Vinci assumed the rights and obligations of the Licensee under the License Agreement, and Coach acknowledged and consented thereto.

102.    At all relevant times hereto, Case-Mate and CM Brands had knowledge of the parties' rights and obligations under the License Agreement.

103.    Case-Mate and CM Brands maliciously and in bad faith, without any legitimate justification and for the sole purpose of destroying Vinci's business and doing away with a prime competitor, and improperly preventing Vinci from exercising its post-expiration rights, induced Coach to disseminate unauthorized, untruthful, and improper communications to Vinci's suppliers and/or customers regarding Vinci's rights and obligations under the License Agreement in breach of Coach's obligations under Section 11 of the License Agreement, and thereby preventing Vinci from being able to exercise its rights under Section 11 to complete production of merchandise that was in process or subject to written orders from customers and to sell merchandise to customers that had placed written orders.

104.    As a result of Case-Mate's and CM Brands' tortious interference, Vinci has sustained, and will continue to sustain, damages in an amount to be determined at trial but not less than $75,000.

105.    As a result of Case-Mate's and CM Brands' tortious interference, Vinci has suffered, and will continue to suffer, massive irreparable harm within the industry and trade.

### FIFTH CLAIM FOR RELIEF

**(Case-Mate's and CM Brands' Tortious Interference With Vinci's Contracts
With Its Suppliers and Customers)**

106.    Vinci incorporates the preceding paragraphs as though fully set forth herein.

107.    Throughout the term of the License Agreement, Vinci has entered into contracts with various suppliers for the production of certain goods and with customers (retailers and distributors) for the distribution and sale of those goods.

108.    At all relevant times hereto, Case-Mate and CM Brands had knowledge of Vinci's contracts with its suppliers and customers (retailers and distributors).

109.     Case-Mate and CM Brands wrongfully, maliciously, and in bad faith interfered with Vinci's business relationships by dishonestly, unfairly, and improperly inducing the breach of Licensor's obligations under the License Agreement, for the sole purpose of destroying Vinci's business and doing away with a prime competitor.

110.     Case-Mate and CM Brands, without any legitimate justification, have wrongfully and maliciously and in bad faith induced Vinci's suppliers and customers to breach their contracts with Vinci by dishonestly, unfairly, and improperly issuing or disseminating unauthorized, untruthful, and improper communications to Vinci's suppliers and/or customers regarding Vinci's rights and obligations under the License Agreement and its ability to continue producing and to deliver Licensed Merchandise.

111.     As a result of Case-Mate's and CM Brands' tortious interference with Vinci's contracts, Vinci's customers and suppliers have actually breached their contracts with Vinci.

112.     As a result of Case-Mate's and CM Brands' tortious interference, Vinci has sustained, and will continue to sustain, damages in an amount to be determined at trial but not less than $75,000.00.

113.     As a result of Case-Mate's and CM Brands' tortious interference, Vinci has suffered, and will continue to suffer, massive irreparable harm within the industry and trade.

<u>**SIXTH CLAIM FOR RELIEF**</u>

**(Case-Mate's and CM Brands' Tortious Interference With Vinci's Business Relationships/Prospective Business Advantage)**

114.     Vinci incorporates the preceding paragraphs as though fully set forth herein.

115.     Throughout the term of the License Agreement, Vinci has had business relationships with its suppliers and customers (retailers and distributors).

116.    Case-Mate and CM Brands used wrongful means to interfere with Vinci's business relationships by dishonestly, unfairly, and improperly inducing the breach of Licensor's obligations under the License Agreement.

117.    Case-Mate and CM Brands used wrongful means to interfere with Vinci's business relationships by dishonestly, unfairly, and improperly issuing or disseminating unauthorized, untruthful, and improper communications to Vinci's suppliers and/or customers regarding Vinci's rights and obligations under the License Agreement and its ability to continue producing and to deliver Licensed Merchandise, and also regarding Case-Mate's status as Coach's "exclusive" licensee.

118.    Case-Mate and CM Brands wrongfully interfered with Vinci's business relationships for the sole purpose of harming Vinci.

119.    Case-Mate's and CM Brands' wrongful means amount to a crime or independent tort.

120.    Case-Mate's and CM Brands' wrongful interference has harmed Vinci's reputation and credibility with its suppliers and customers such that some or all of those suppliers and customers will no longer work or contract with Vinci, resulting in the loss of future contracts and business relationships with those suppliers and customers and the loss of business and revenue.

121.    As a result of Case-Mate's and CM Brands' tortious interference, Vinci has sustained, and will continue to sustain, damages in an amount to be determined at trial but not less than $75,000.00.

122.    As a result of Case-Mate's and CM Brands' tortious interference, Vinci has suffered, and will continue to suffer, massive irreparable harm within the industry and trade and is

thus entitled to obtain temporary, preliminary and permanent injunctive relief enjoining Coach from tortiously interfering with Vinci's contracts and contractual and business relations.

WHEREFORE, Vinci prays for the following relief:

a.      An award of damages in connection with the First Claim for Relief in an amount to be determined at trial but not less than $75,000.00;

b.      An award of damages in connection with the Second Claim for Relief in an amount to be determined at trial but not less than $75,000.00;

c.      Declaratory judgment in the form of an Order from the Court stating that Coach must negotiate the GMR;

d.      An award of damages in connection with the Fourth Claim for Relief in an amount to be determined at trial but not less than $75,000.00;

e.      An award of damages in connection with the Fifth Claim for Relief in an amount to be determined at trial but not less than $75,000.00;

f.      An award of damages in connection with the Sixth Claim for Relief in an amount to be determined at trial but not less than $75,000.00;

g.      An award of pre- and post-judgment interest on the above damage awards;

h.      An award of costs and reasonable attorneys' fees and expenses incurred by Vinci in connection with this action;

i.      Any other relief that is Court may deem just and proper, including disgorgement of profits Case-Mate and CM Brands unjustly earned as a result of their tortious conduct.

Dated: March 22, 2024                      Respectfully submitted,

                                        By: _/s/ Michael A. Vatis_____
                                        Michael A. Vatis
                                        Rena Andoh
                                        Paul A. Del Aguila (PHV pending)
                                        Susan M. White (admitted PHV)
                                        David Hopkins (admitted PHV)
                                        **BENESCH, FRIEDLANDER, COPLAN**
                                            **& ARONOFF LLP**
                                        1155 Avenue of the Americas, 26th Floor
                                        New York, NY 10036
                                        Tel: 646.593.7050
                                        mvatis@beneschlaw.com
                                        randoh@beneschlaw.com
                                        pdelaguila@beneschlaw.com
                                        swhite@beneschlaw.com
                                        dhopkins@beneschlaw.com

                                        *Attorneys for Defendant and Counterclaimant*
                                        *Vinci Brands LLC*

## **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38, Vinci requests a trial by jury of all issues so triable.

/s/ Michael A. Vatis

*Attorney for Defendant and Counterclaimant Vinci Brands LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of March, 2024 a copy of the foregoing was electronically filed. All counsel of record will be served via the Court's ECF notification system.


/s/ Michael A. Vatis

*Attorney for Defendant and Counterclaimant Vinci Brands LLC*