

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
ATTORNEYS AND COUNSELORS AT LAW

Nicole Phe
T: 212.413.9059
nicole.phe@nelsonmullins.com

330 Madison Avenue, 27th Floor
New York, NY 10017
T: 212.413.9000  F: 646.428.2610
nelsonmullins.com

May 31, 2024

**Via ECF**

The Honorable Lorna G. Schofield
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 1660
New York, NY 10007

> RE: *KSNY LLC, et al. v. Vinci Brands LLC, et al.*, Civil Action No. 1:23-cv-10612
> Case-Mate's Pre-Motion Letter – Motion to Dismiss Vinci Brands, LLC's Claims

Dear Judge Schofield:

Per Your Honor's Individual Practices Rules III.A.1 and III.C.2, Case-Mate, Inc. ("Case-Mate") requests permission to move to dismiss Vinci Brands, LLC's ("Vinci") "counterclaims" against Case-Mate [ECF 74]. The Court should dismiss the Counterclaims against Case-Mate because (1) this Court lacks jurisdiction over Case-Mate; (2) Vinci's asserted counterclaims against Case-Mate are improper under Federal Rules of Civil Procedure ("Rule(s)") 13(h) and 20; and (3) Vinci has failed to state a claim against Case-Mate for which relief can be granted.

Case-Mate proposes the following briefing schedule: Case-Mate's motion to dismiss and accompanying memorandum of law shall be filed on or before June 21, 2024; any response in opposition to Case-Mate's motion to dismiss shall be filed on or before July 5, 2024; and any reply in further support of Case-Mate's motion to dismiss shall be filed on or before July 12, 2024.

**I.   The Court Lacks Personal Jurisdiction Over Case-Mate.**

A plaintiff has the burden to make a *prima facie* showing of jurisdiction over the entity against whom it wishes to bring claims. *Oklahoma Firefighters Pension & Ret. Sys. v. Banco Santander (Mexico) S.A. Institucion de Banca Multiple*, 92 F.4th 450, 455–56 (2d Cir. 2024). A plaintiff cannot meet its burden through conclusory allegations or mere conjecture, and must state specific facts to support the conclusion that jurisdiction exists. *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013).

Vinci alleged no facts to support its conclusory allegation that Case-Mate is a "resident" of New York over whom this Court has general jurisdiction. [ECF 74 ¶ 9.] "[A]side from the truly exceptional case, a corporation is at home and subject to general jurisdiction only in its place of incorporation or principal place of business." *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 343 (2d Cir. 2018). Case-Mate is incorporated in and has its principal place of business in Georgia. Further, specific jurisdiction requires a showing of Case-Mate's alleged suit-related conduct creating a "substantial connection with the forum State." *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 83 (2d Cir. 2018). Vinci has not asserted any facts to show any connection between Case-Mate's alleged conduct and New York. *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998) (holding that jurisdiction must be alleged through more than "conclusory statements"). Thus, Vinci's claims against Case-Mate should be dismissed for lack of personal jurisdiction.

The Honorable Lorna G. Schofield, U.S.D.J.                                                May 31, 2024
Page 2

## II.     Case-Mate is Not a Proper "Counterclaim Defendant."

Case-Mate is not a proper "Counterclaim Defendant" because the claims asserted by Vinci against Case-Mate are not also asserted against any existing party to the litigation. Under Rule 13(h), a claimant may add a person to a counterclaim who was not a party to the original action in accordance with Rules 19 and 20.  *See* Fed. R. Civ. P. 13; *Trainum v. Rockwell Collins, Inc.*, No. 16-CV-7005 (JSR), 2017 WL 1093986, at *2 (S.D.N.Y. Mar. 9, 2017). But Rules 13 and 20 require any counterclaim asserted against a third party to be asserted against an existing party to the action as well. *Republic Nat'l Bank v. Hales*, 75 F. Supp. 2d 300, 310 n. 8 (S.D.N.Y. 1999).

Vinci asserted counterclaims against the original plaintiff, Coach Services, Inc. ("Coach") —***but not the same claims it now asserts against Case-Mate*** ("Tortious Interference with Vinci's License Agreement With Coach," "Tortious Interference with Vinci's Contracts With Its Suppliers and Customers," and "Tortious Interference With Vinci's Business Relationships/Prospective Business Advantage"). [ECF 74 ¶¶ 99-122.] As such, the claims asserted against Case-Mate are improperly joined and should be dismissed. *See, e.g, Trainum*, 2017 WL 1093986, at *2–3 (noting Rules 13 and 20 require at least one counterclaim to be asserted against both an existing party and the third party to properly join a counterclaim defendant).

## III.    Vinci Failed to State a Claim Against Case-Mate On Which Relief May Be Granted.

Vinci's three tortious interference claims against Case-Mate must be dismissed pursuant to Rule 12(b)(6) because Vinci failed to plead sufficient facts "to state a claim to relief that is plausible on its face." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To state a claim for tortious interference with contract (Counts 4 and 5), Vinci must plead facts sufficient to show: (1) the existence of a valid contract; (2) Case-Mate's knowledge of the contract; (3) Case-Mate's intentional procurement of the breach of the contract without justification; (4) actual breach of the contract; and (5) damages. *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401 (2d Cir. 2006). Vinci must also allege that Case-Mate's actions were the "but for" cause of the alleged breach of contract. *Id*. To show a breach of contract, a claimant must plead that it met its own performance obligations under the contract. *Distributorsoutlet.com, LLC v. Glasstree, Inc., et. al*, No. 11-CV-6079 (PKC), 2016 WL 1273229, at *6 (E.D.N.Y. Mar. 31, 2016) (holding that a plaintiff's failure to allege that it performed on the contract is fatal to a breach of contract claim).

As an initial matter, Counts 4 and 5 cannot survive because Vinci fails to plead sufficient facts to show it performed its obligations under the Coach License Agreement. Instead, Vinci's allegations suggest the opposite, as it admitted that it did not pay Coach the Guaranteed Minimum Royalties and Image Fund Payments, and that Coach cancelled its "non-cancellable" order because Vinci failed to deliver the order timely. [ECF 74 ¶¶ 41, 42, 59.]

With respect to Vinci's allegation of tortious interference with the License Agreement between Vinci and Coach (Count 4), Vinci has not alleged that Case-Mate was the "but-for cause" of any breach, as required to plead a claim for tortious interference with contract. Vinci's speculative allegation that Case-Mate "induced" Coach to breach the License Agreement is insufficient to withstand a motion to dismiss. *See State St. Glob. Advisors Tr. Co. v. Visbal*, 431 F. Supp. 3d 322, 351 (S.D.N.Y. 2020) (dismissing tortious interference claim that included only conclusory allegations and therefore did not plausibly allege the required elements).

Regarding Count 5, Vinci has not identified the terms of specific third-party contracts customers and suppliers allegedly breached. A claim for tortious interference that provides "no facts to allege what kind of contract [Vinci had with suppliers and customers], whether it was nonexclusive, and whether it was valid" fails to plausibly allege a claim for tortious interference

The Honorable Lorna G. Schofield, U.S.D.J.                                                        May 31, 2024
Page 3

with contract." *Berman v. Sugo LLC*, 580 F. Supp. 2d 191, 208 (S.D.N.Y. 2008). Similarly, Vinci has not alleged that Case-Mate had any knowledge of the specific terms and conditions of the alleged contracts with customers and suppliers; the unsupported assertion that Case-Mate "had knowledge" of Vinci's contracts with unnamed suppliers and customers is insufficient. *See Wellington Shields & Co. LLC v. Breakwater Inv. Mgmt. LLC*, No. 14-CV-7529 (RJS), 2016 WL 5414979, at *4 (S.D.N.Y. Mar. 18, 2016) (stating plaintiff must allege that defendants had actual knowledge of the terms of the contract, including the contractual obligation that was allegedly breached).

Vinci's claim for tortious interference with Vinci's business relationships/prospective business advantage (Count 6) also must be dismissed. To state a claim for tortious interference with a business relationship or prospective business advantage, Vinci must plausibly allege that (1) Vinci had business relations with a third party; (2) Case-Mate interfered with the business relationship; (3) Case-Mate acted with wrongful purpose or using dishonest, unfair or improper means; and (4) Case-Mate's acts caused injury to the business relationship." *Brown Media Corp. v. K & L Gates, LLP*, 586 B.R. 508, 529 (E.D.N.Y. 2018).

New York courts have routinely dismissed claims for tortious interference with prospective business relationships/business advantage that do not sufficiently allege that a defendant's conduct was motivated by malice or used wrongful means. *See, e.g., RBG Mgmt. Corp. v. Vill. Super Mkt., Inc.*, No. 1:22-CV-07996 (JLR), 2023 WL 5976273, at *9 (S.D.N.Y. Sept. 14, 2023) (holding that a plaintiff must plead sufficient facts that a defendant acted with the sole purpose of inflicting intentional harm on the plaintiff to sustain a claim for tortious interference with business advantage); *16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 262 (2d Cir. 2015) (holding that when a defendant acts with "normal economic self-interest," this does not meet the wrongful means element required to sustain a claim for tortious interference with business advantage). Vinci has asserted that Case-Mate "falsely" claimed to its suppliers and customers that Case-Mate was Coach's exclusive licensee to "pressure them to stop doing business with Vinci." [ECF 74 ¶ 70.] But Vinci's conclusory allegations do not establish that Case-Mate used wrongful means. Instead, the facts alleged in the counterclaims show on their face that Case-Mate believed it had an exclusive license with Coach, and took action consistent with that belief. *See 16 Casa Duse, LLC*, 791 F.3d at 262–63 (declining to hold that even a mistaken assertion of a legal interest constitutes wrongful means).

Finally, Count 6 fails because it is duplicative of Count 14 in the pending related case, *Vinci v. Coach Services, Inc., et al.*, 1:23-cv-0138-LGS (S.D.N.Y.). In that case, Vinci is the plaintiff and asserted multiple claims against Case-Mate, including tortious interference with business advantage. *See* Second Amended Complaint, *Vinci v. Coach Services, Inc., et al.*, No. 1:23-cv-05138, ECF 198.  Both claims seek recovery for the same alleged legal violation (tortious interference with business advantage) against the same party (Case-Mate) by the same claimant (Vinci), and based on the same set of facts. Count 6 should therefore be dismissed as duplicative. *See Laurel Shipping LLC v. Ridgebury Kilo LLC*, 560 F. Supp. 3d 802, 807 (S.D.N.Y. 2021) (dismissing claims that duplicated a counterclaim pending in a related case).

In light of the foregoing, Case-Mate hereby requests that it be permitted to file a motion to dismiss in accordance with the above-proposed briefing schedule.

                                                    Respectfully submitted,
                                                    */s/ Nicole Phe*
                                                    Nicole Phe