

July 19, 2024

BRYAN CAVE LEIGHTON PAISNER LLP
1700 Lincoln Street  Suite 4100
Denver  CO  80203 4541
T: +1 303 861 7000
F: +1 303 866 0200

bclplaw.com

Honorable Lorna G. Schofield
United States District Court Judge, S.D.N.Y.
40 Foley Square
New York, NY 10007

Re:     *Coach IP Holdings et al. v. ACS Group Acquisitions, LLC et al.* – 1:23-cv-10612-LGS-VF: Pre-Motion Letter To Amend First Amended Complaint

Dear Judge Schofield:

      Pursuant to Your Honor's Individual Rule III.A.I, Plaintiffs Coach IP Holdings, LLC, Coach Services, Inc., and Tapestry, Inc. (together, "Coach") respectfully request a pre-motion conference to seek leave to amend the First Amended Complaint (ECF No. 35) ("FAC"). Alternatively, Coach requests permission to file a motion for leave to amend the FAC. A copy of the proposed Second Amended Complaint is submitted as Exhibit A to this letter and a redline comparing the Second Amended Complaint is submitted as Exhibit B to this letter.

A.     Summary of Coach's New Claims and Allegations.

      Coach seeks leave to bring claims against Onward Brands LLC ("Onward") and its principals Charles Tebele ("Tebele") and Sam "Sonny" Haddad ("Haddad") for federal trademark infringement under 15 U.S.C. § 1114, federal unfair competition and false advertising under 15 U.S.C. § 1125(a), trademark dilution, and unfair competition, as well as against Onward for tortious interference with contract. Additionally, Coach seeks to update its existing claim for breach of the Coach License Agreement to allege breaches of Sections 2.3(b), 3.2(b), 3.3(e), 3.3(f), 3.4 and 3.5 in addition to Sections 3.1(c), 7.2, 8.1, 8.2, 9.1, 9.2, 10.3, and 11 already alleged.

      Coach's new claims and allegations are based on evidence recently adduced in discovery in the related actions *Kate Spade LLC et al. v. Vinci Brands LLC et al.*, Case No. 1:23-cv-05409-LGS-VF ("KSNY Action")[1] and *Vinci Brands LLC v. Kate Spade LLC et al.*, Case No 1:23-cv-05138-LGS-VF ("Vinci Action"), including the following:

- In late April and early May, ACS Group Acquisitions LLC ("ACS") produced documents in the KSNY Action and Vinci Action showing that Onward, at Tebele's and Haddad's direction, marketed and sold Coach branded goods without Coach's knowledge or consent, and misled consumers about its right to use COACH® marks—all in violation of the Lanham Act and the New York General Business Law.

- On May 8, 2024, ACS produced, in the KSNY Action, a previously undisclosed "Sales Agency and Services Agreement," dated June 5, 2023 (the "Onward Services

---

[1] On June 18, 2024, Kate Spade, LLC and Coach Services, Inc. moved to amend their complaint in the KSNY Action based on similar facts and arguments. *See* KSNY Action, ECF Nos. 300-305. This motion is fully briefed. *Id.* ECF No. 300-305, 317-325, 333-336.

Agreement"). Through the Onward Services Agreement, Vinci transferred all or nearly all of its obligations under the Coach License Agreement to Onward, including responsibilities for sales, sourcing, logistics, warehousing, distribution, customer invoicing, customer collection, back office services, and accounting. This constituted an unauthorized transfer of the Coach License Agreement, and resulted in both a change of control of Vinci *and* a cessation of Vinci's business operations, in each case triggering automatic termination of the Coach License Agreement (prior to the expiration of the license on June 30, 2023).

- On May 10, 2024, Tebele, the majority owner of ACS and Onward, the CEO of Onward, and managing member of ACS, was deposed in the KSNY Action. His testimony confirmed that Onward, at Tebele's and Haddad's direction, contrived, via the Onward Services Agreement, to market, and sell Coach branded goods without Coach's knowledge or consent, and misled consumers about Onward's right to use COACH® marks, in violation of the Lanham Act. Tebele's testimony also confirmed that Onward intentionally caused Vinci to breach the Coach License Agreement's prohibition on unapproved transfers.

B.  The Court Should Grant KSNY Leave to File its Second Amended Complaint.

Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The same liberal standard which governs proposed amendments under Rule 15 also governs amendments seeking to add parties under Rule 21. *See Johnson v. Bryson*, 851 F. Supp. 2d 688, 703 (S.D.N.Y. 2012). "[L]iberal amendment promotes judicial economy by making it possible to dispose of all contentions between parties in one lawsuit." *Shi Ming Chen v. Hunan Manor Enter., Inc.*, 437 F.Supp.3d 361, 364 (S.D.N.Y. 2020) (quotation omitted). Scheduling orders may be modified upon a showing a good cause. Fed. R. Civ. P. 16(b). "A finding of good cause depends on the diligence of the moving party." *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003).

There is good cause for Coach to amend the FAC because Coach acted diligently by timely seeking leave to amend after its discovery of new evidence to support its new claims. Vinci and ACS only recently divulged the Onward Services Agreement in the KSNY Action and Vinci Action (after withholding it for months despite its clear relevance, responsiveness, and importance to the claims and issues in these related cases). Coach's proposed amendment also is not prejudicial to ACS or Vinci and will not delay resolution of the case; initial disclosures were only recently exchanged, no documents have been produced, no depositions have occurred, and no answers have been filed. *TIG Ins. Co. v. Century Indem. Co.*, 2009 WL 959653, at *4 (S.D.N.Y. Apr. 8, 2009) (noting that "delay" and prejudice is *de minimis* where "the parties had only exchanged initial disclosures, had not even begun documentary discovery, and had taken no depositions"). As document and deposition discovery have not commenced, the addition of these new claims and parties will not add significant additional burden to any party at this juncture.

Vinci and ACS cannot claim surprise or prejudice because Coach's amendment is based on facts and information which have always been squarely within their knowledge. Inclusion of these additional bases in the pleading will better frame the issues for trial, promoting judicial economy and a proper decision on the merits. *See Lema v. Fitzcon Constr./Ren Corp.*, 2022 WL

1321596, at *4 (E.D.N.Y. May 3, 2022) (finding that "since the new factual allegations regarding another defendant would have been known to the original defendants, there is no risk of unfair surprise or undue prejudice").

Onward, Tebele, and Haddad also cannot claim surprise. Tebele and Haddad (both of whom are owners of Onward) have been involved in this litigation from the beginning and are funding ACS's and Vinci's legal expenses in the KSNY Action and Vinci Action. Tebele has attended most of the depositions in those actions (concerning virtually identical parties, issues, and facts) and Haddad has attended some depositions as well.

Tebele and Haddad should not benefit from ACS's and Vinci's concealment of Onward's takeover of the Coach License Agreement and sale of Coach branded goods on behalf of Vinci. Vinci was not authorized to assign, transfer, or hypothecate its rights to a third party without Coach's consent and ACS was not authorized or entitled to seize Vinci's Coach branded goods. It is only fair that Coach be permitted to pursue claims against Onward, Tebele, and Haddad, given the new facts that have finally been uncovered.

Last, the SAC will not be futile. Coach has numerous COACH® marks that are worthy of protection and will allege, in detail, Onward's, Tebele's, and Haddad's unauthorized use of the COACH® marks through unauthorized acts to market and sell Coach-branded products. The SAC will also adequately plead Tebele's and Haddad's personal liability for trademark infringement and unfair competition because Tebele and Haddad directed ACS's and Onward's unauthorized marketing and sale Coach-branded goods. *KatiRoll Co. v. Kati Junction, Inc.*, 33 F. Supp. 3d 359, 367 (S.D.N.Y. 2014) ("It is well-established in the Second Circuit that 'under the Lanham Act, a corporate officer may be held personally liable for trademark infringement and unfair competition if the officer is a moving, active, conscious force behind [the defendant corporation's] infringement.'"). The TAC also will state a claim for tortious interference with contract as Coach will plead that Onward knew of the Coach License Agreement; Onward intentionally caused Vinci to breach Section 2.3(b) of the License Agreement by assigning Vinci's duties and functions to Onward through the Onward Services Agreement; and Coach was damaged thereby, including by not receiving royalties for Coach-branded goods sold by Onward. The SAC will also allege the new bases for breach of the Coach License Agreement by Vinci through this recently uncovered discovery.

For these reasons, Coach respectfully requests a pre-motion conference to seek leave to amend the FAC, or, alternatively, Coach requests permission to file a motion for leave.

Respectfully submitted,

*/s/ Timothy R. Beyer*

**Timothy R. Beyer**

cc:     All Counsel Via ECF