UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
COACH IP HOLDINGS, LLC, et al,                              :
                                      Plaintiffs,           :      23 Civ. 10612 (LGS)
                                                            :
                     -against-                              :
                                                            :      **ORDER**
ACS GROUP ACQUISITIONS LLC,                                 :
                                      Defendant.            :
                                                            :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiffs Coach IP Holdings, LLC, Coach Services, Inc. and Tapestry, Inc. (collectively, "Coach") moved to seal (1) the license agreement (the "Coach License Agreement"), dated January 7, 2019, between Coach Services, Inc. and Incipio, LLC ("Incipio"), the predecessor of Vinci Brands LLC ("Vinci"), (2) the loan and security interest agreement (the "Monroe Loan Agreement"), dated August 6, 2021, between Vinci and Monroe Capital Management Advisors, LLC ("Monroe") and (3) the Intercreditor Agreement, dated August 6, 2021, between Siena Lending Group LLC ("Siena") and Monroe (collectively, the "Exhibits"), in their entirety;

WHEREAS, the Exhibits were filed in connection with Coach's motion for a temporary restraining order and preliminary injunction;

WHEREAS, a three-part inquiry determines whether to seal a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial

process." *Lugosch*, 435 F.3d at 119.[1]  The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.*  The third step is to balance against the presumption any "competing considerations" such as "the danger of impairing law enforcement or judicial efficiency" and "the privacy interests of those resisting disclosure." *Id.* at 120.  In weighing the presumption against competing considerations, a court must consider the "qualified First Amendment right of access" and can seal documents based on this right only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

WHEREAS, the party moving to place documents under seal "bears the burden of showing that higher values overcome the presumption of public access." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017); *accord ExxonMobil Oil Corp. v. JA Dakis Cap. LLC*, No. 24 Misc. 177, 2024 WL 1702383, at *1 (S.D.N.Y. Apr. 18, 2024).  "Examples of 'higher values' include protecting the attorney-client privilege, the privacy of innocent third parties, and the confidentiality of sensitive commercial information." *ExxonMobil*, 2024 WL 1702383, at *1.

WHEREAS, the exhibits to motion for a temporary restraining order and preliminary injunction are judicial documents.  The documents are "relevant to the performance of the judicial function and useful in the judicial process." *See Lugosch*, 435 F.3d at 119.  They "directly affect an adjudication," *id.*, and should thus "generally be subject to public scrutiny,"

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

2

*see Pers. Staffing Grp., LLC v. XL Ins. Am., Inc.*, No. 22 Civ. 10259, 2023 WL 4304688, at *2 (S.D.N.Y. June 30, 2023).  "A strong presumption of access attaches" because these are documents "used to determine litigants' substantive legal rights." *Lugosch*, 435 F.3d at 121.

      WHEREAS, one consideration that may override the presumption of public access is the confidentiality of sensitive commercial information.  *ExxonMobil*, 2024 WL 1702383 at *2. The Coach Licensing Agreement can be filed under seal in its entirety because its disclosure may harm Coach "by disadvantaging [it] in negotiating future licensing agreements."  *Rubik's Brand Ltd. v. Flambeau, Inc.*, No. 17 Civ. 6559, 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021). While the presence of a confidentiality clause in the Coach License Agreement alone is insufficient to overcome the presumption of public access, *see Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018), Coach has sufficiently demonstrated the competitive business interests that outweigh the presumption of access.

      WHEREAS, the Monroe Loan Agreement and the Intercreditor Agreement cannot be filed under seal in their entirety because "[v]ague and unspecified" confidentiality, privacy, or financial concerns are "broad, general, and conclusory allegations . . . insufficient to justify sealing."  *See Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, No. 15 Civ. 211, 2021 WL 1541385, at *3 (S.D.N.Y. Apr. 20, 2021).  Neither does the non-party status of Vinci, Siena, and Monroe automatically require blanket seal of their business documents.  *See Johnson as Tr. of Johnson Fam. Tr. v. Saba Cap. Mgmt., L.P.*, No. 22 Civ. 4915, 2022 WL 8024206, at *2 (S.D.N.Y. Oct. 14, 2022) (refusing to seal material involving non-parties despite noting that certain information about non-parties "is 'traditionally considered private' and 'merit[s] redaction'").  While redactions of financial information such as loan amount, or business information like patent ownership may be narrowly tailored to protect against competitive harm,

3

the asserted justifications are insufficient to seal the documents in their entirety.  Indeed, the Loan and Security Agreement between Siena and Vinci was filed publicly on the docket.  It is hereby

**ORDERED** that the motion to seal is **GRANTED in part** as to the Coach License Agreement and **DENIED in part** without prejudice to renewal as to the Monroe Loan Agreement and the Intercreditor Agreement.  All documents currently filed under seal shall remain under seal at this time.  It is further

**ORDERED** that by **September 13, 2024**, Coach shall meet and confer with the parties that have interests in confidentiality of the Monroe Loan Agreement and the Intercreditor Agreement (the "Interested Parties").  By **September 20, 2024**, Coach shall file any argument raised by the Interested Parties justifying confidentiality, which shall include further detail of why the public disclosure of such information would result in harm to the Interested Parties.  Any filing shall comply with the Court's Individual Rule I.D.3 ("[T]he filing party shall . . . electronically file under seal a copy of the unredacted document with the proposed redactions highlighted.").

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 13.

Dated: August 27, 2024
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE