```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
COACH IP HOLDINGS, LLC et al.,                                :
                                      Plaintiffs,             :
                                                              :         23 Civ. 10612 (LGS)
              -against-                                       :
                                                              :              ORDER
ACS GROUP ACQUISITION LLC et al.,                             :
                                      Defendants.             :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Vinci Brands LLC ("Vinci") asserted third-party claims against Case-Mate, Inc. ("Case-Mate") in Vinci's answer. On August 2, 2024, Case-Mate moved to dismiss in part for lack of personal jurisdiction. On November 22, 2024, Vinci amended its answer (the "Amended Answer"). With the parties' agreement, the Court construes Case-Mate's motion to dismiss to apply to the Amended Answer.

WHEREAS, "[t]o survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists over the defendant." *Am. Girl, LLC v. Zembrka*, 118 F.4th 271, 276 (2d Cir. 2024).[1] "This showing must include an averment of facts that, if credited by the ultimate trier of fact, would be sufficient for establishing jurisdiction over the defendant." *Id.* A plaintiff must establish "a statutory basis for jurisdiction" and that "exercising personal jurisdiction . . . comport[s] with due process." *Peterson v. Bank Markazi*, 121 F.4th 983, 1002 (2d Cir. 2024). "In the context of personal jurisdiction, due process demands that each defendant over whom a court exercises jurisdiction have some minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

of fair play and substantial justice." *In re Platinum & Palladium Antitrust Litig.*, 61 F.4th 242, 269 (2d Cir. 2023). Courts "construe the pleadings and affidavits in the light most favorable to [the plaintiff] and resolve all doubts in its favor." *Nat'l Union Fire Ins. Co. of Pittsburgh v. UPS Supply Chain Sols., Inc.*, 74 F.4th 66, 71 (2d Cir. 2023). However, courts will not resolve "argumentative inferences in the plaintiff's favor" or "accept as true a legal conclusion couched as a factual allegation." *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013); *accord Bowers v. Grupo Televisa, S.A.B.*, No. 23 Civ. 10870, 2025 WL 579978, at *3 (S.D.N.Y. Feb. 21, 2025).

WHEREAS, the New York long-arm statute provides a statutory basis for jurisdiction in CPLR section 302(a). "As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent" (1) "transacts any business within the state or contracts anywhere to supply goods or services in the state," (2) "commits a tortious act within the state," or (3) "commits a tortious act without the state causing injury to person or property within the state." CPLR §§ 302(a)(1)-(3).

WHEREAS, the Amended Answer broadly alleges jurisdiction under CPLR sections 301 and 302. In its opposition, Vinci argued as the only basis for personal jurisdiction over Case-Mate that Case-Mate transacts business in New York under section 302(a)(1).

WHEREAS, construed most favorably to Vinci as the claimant, the Amended Answer does not sufficiently allege facts to support personal jurisdiction based on transacting business. The Amended Answer alleges that Case-Mate initiated a licensing relationship with Coach, a Delaware corporation with its principal place of business in New York, to manufacture and sell certain Coach products throughout the United States (including New York) and elsewhere.

Case-Mate's licensing relationship with Coach is governed by an agreement in which Case-Mate agreed with Coach that New York would be the exclusive forum for any disputes "arising out of or connected in any way" with their agreement, that New York law would be the operative law, and that Case-Mate consented to personal jurisdiction in New York. The Amended Answer asserts causes of action against Case-Mate for tortious interference, alleging that Case-Mate interfered with Vinci's contract with Coach, with Vinci's suppliers and customers, and with Vinci's future business, in connection with and in furtherance of Case-Mate's relationship with Coach, a New-York based company.

WHEREAS, the Amended Answer contains no actual, non-conclusory factual allegations showing that Case-Mate transacted business in New York. The Amended Answer does not allege that Case-Mate sells or ships Coach products to New York customers; that Case-Mate sent communications to New York to further its licensing relationship or business with Coach; or that Case-Mate interfered with Vinci's sales to New York customers, contracts to sell to such customers or business prospects with future New York customers. Notably, while Vinci's previous answer alleged that "Case-Mate employees traveled to New York City to discuss and negotiate a License Agreement" with Coach, and that "Case-Mate directs its business to and in New York via its website case-mate.com and by selling its merchandise in physical stores in New York," the Amended Answer omits these allegations.

WHEREAS, Case-Mate's consent to personal jurisdiction in New York regarding claims arising out of its licensing agreement with *Coach* does not confer jurisdiction over Case-Mate regarding *Vinci*'s claims. Vinci is not a third-party beneficiary to that agreement and cannot enforce it. See *Dormitory Auth. v. Samson Constr. Co.*, 94 N.E.3d 456, 459 (N.Y. 2018)

(explaining that a non-party has "no right to enforce the particular contracts" unless the contract shows "an intent to benefit the third party"). It is hereby

**ORDERED** that Vinci's claims against Case-Mate (Counts 4, 5 and 6) are **DISMISSED** for lack of personal jurisdiction. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 125.

Dated: June 11, 2025
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**