

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
ATTORNEYS AND COUNSELORS AT LAW

Erika C. Birg
T: 404.322.6110
erika.birg@nelsonmullins.com

201 17th Street NW, Suite 1700
Atlanta, GA 30363
T 404.322.6000  F 404.322.6050
nelsonmullins.com

July 25, 2025

**VIA ECF**

The Honorable Valerie Figueredo
Daniel Patrick Moynihan
United States Courthouse, S.D.N.Y.
500 Pearl Street
New York, NY 10007

RE: *Coach IP Holdings, LLC, et al. v. ACS Group Acquisitions LLC, et al.,*
Civil Action No. 1:23-cv-10612-LGS-VF
*Case Mate's Letter Motion to Seal Exhibits to Declaration of Benjamin J. Sitter in Support of Case-Mate, Inc.'s Opposition to Vinci's Motion for Leave to Amend and Join Defendants to Amended Counterclaim [ECF 209]*

Dear Judge Figueredo:

Pursuant to Rule I.g.2 of Your Honor's Individual Practices in Civil Cases, Case-Mate, Inc. ("Case-Mate") respectfully requests Your Honor's approval to file under seal (1) deposition excerpts of Jacquelynne de Lagarde, Steven Marzio, and Kristen Roney and (2) an email from Austin Black to Marzio re "Project Shield," which are attached respectively as Exhibits 1 and 2 to Declaration of Benjamin J. Sitter in Support of Case-Mate, Inc.'s Opposition to Vinci's Motion to Amend Its Counterclaims [ECF 223]. The deposition excerpts and the email have previously been marked Confidential or Highly Confidential during discovery in the companion case, 1-23-cv-5138-LGS-VF, pursuant to the Stipulation and Confidentiality Agreement and Order there (the "PO"). [ECF 233.]

Exhibit 1 contains deposition testimony from three witnesses on the same topic: Case-Mate's introductory meeting with Kate Spade executives. The testimony is about the potential relationship between Kate Spade and Case-Mate, including how and what Case-Mate prepared for the meeting and Kate Spade's expectations for future licensing relationships. These are discovery materials from the companion case, governed by the PO. These are not judicial documents to which there is a presumption of access. Release of this information could be harmful to both Case-Mate and Kate Spade because Onward—a party to this litigation—is an active competitor to Case-Mate. In addition, it could inform others about how Kate Spade approaches its licensing relationships.

Exhibit 2 also reflects non-public information related to a confidential business transaction Vinci and Case-Mate were contemplating and was drafted by Vinci's agent, D.A. Davidson, a non-party to this case.

For these reasons, we ask the Court to seal Exhibits 1 and 2 to the Sitter Declaration and to seal the highlighted portions of the Opposition [ECF 222], which include quotations from those Exhibits. We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Erika C. Birg
Erika C. Birg
Counsel for Case-Mate, Inc.

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated:** 7/28/25

Upon initial review, Case-Mate's sealing request is overly broad, as Case-Mate seeks to file Exhibits 1 and 2 entirely under seal. Sealing requests, however, must be "narrowly tailored," Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 124 (2d Cir. 2006), and should "seek[ ] to seal *only* th[e] information that must be sealed to preserve higher values," Nielson Consumer LLC v. Circana Grp., L.P., No. 22-CV-3235 (JPO) (KHP), 2024 WL 3887152, at *2 (S.D.N.Y. Aug. 20, 2024) (emphasis in original). Accordingly, Case-Mate is directed to file a letter providing case law to support sealing Exhibits 1 and 2 in their entirety by **Monday, August 25, 2025**. Alternatively, by the same date, Case-Mate is directed to file to the docket public versions of Exhibits 1 and 2 with proposed redactions, along with a letter providing case law in support of sealing the redacted information.