UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
COACH IP HOLDINGS, LLC, et al.,

                       Plaintiffs,                    23-CV-10612 (LGS) (VF)

        -against-                                   **ORDER**

ACS GROUP ACQUISITION LLC, et al.,

                       Defendants.
-------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge**

      In connection with Vinci's motion to amend its answer and counterclaims (ECF No. 207), Vinci's briefing does not address Case-Mate's argument as to whether the Court has personal jurisdiction over individual defendants Keshav Mehta, Steve Marzio, Shashi Reddy, Tua Pham, and Kristen Roney. See ECF No. 225 at 14-16. Vinci is directed to submit a letter explaining the basis for personal jurisdiction over these individuals, and in particular, the basis for personal jurisdiction over Reddy, Pham, and Roney.

      Further, in its amended counterclaims, Vinci asserts claims against individuals employed by Coach or Case-Mate, including tortious interference claims against Case-Mate employees in Counts 4 through 6 (ECF No. 207-2 Counterclaims at ¶¶ 223-264); tortious interference claims against Charlotte Warshaw and Jackee de Lagarde in Counts 9 and 10 (id. at ¶¶ 288-316); misappropriation of trade secrets claim under the Defend Trade Secrets Act ("DTSA") against Warshaw and de Lagarde in Count 11 and against Case-Mate employees in Count 12 (id. at ¶¶ 317-345); a state law misappropriation of trade secrets claim against Warshaw and de Lagarde in Count 13 and against Case-Mate employees in Count 14 (id. at ¶¶ 346-372); and fraud claims against Case-Mate employees in Count 16 and against Warshaw and de Lagarde in Count 17 (id. at ¶¶ 383-406).

Vinci is directed to explain why its counterclaims against the individual employees of Coach or Case-Mate are not futile given the allegations in the counterclaims that indicate that the individuals were acting within the scope of their employment. See, e.g., Nahabedian v. Intercloud Sys., Inc., No. 15-CV-00669 (RA), 2016 WL 155084, at *6 (S.D.N.Y. Jan. 12, 2016) ("Generally, a corporate officer who is charged with inducing the breach of a contract between the corporation and a third party is immune from liability if it appears that he is acting in good faith as an officer and did not commit independent torts or predatory acts against another.") (internal quotation marks and citation omitted).

Vinci is directed to file its letter addressing these issues on or before **October 31, 2025.**

**SO ORDERED.**

DATED:   New York, New York
         October 15, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge