December 30, 2025

Timothy R. Beyer
Partner
Direct:  +1 303 866 0481
tim.beyer@bclplaw.com

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: January 5, 2026**

Coach's request for an extension of time to respond to the at-issue RFAs and Interrogatories is granted until **Friday, January 16, 2026**. Additionally, to ensure that the parties are able to meet the current deadline for fact discovery, the parties are directed to meet and confer and exchange a list of witnesses each party intends to depose with at least three specific dates of availability in January, February or early March, including any Rule 30(b)(6) designee, by **January 20, 2026**. The Clerk of the Court is respectfully directed to close the motion at ECF No. 261.

Honorable Valerie Figueredo
Daniel Patrick Moynihan
United States Courthouse, S.D.N.Y.
500 Pearl Street
New York, NY 10007

**Re:**   ***Coach IP Holdings, LLC, Coach Services, Inc., and Tapestry, Inc., v. ACS Group Acquisitions LLC, et al.*, 1:23-cv-10612:**
**Letter Motion for Extension of Time to Respond to Certain Discovery**

Dear Judge Figueredo:

Counsel for Coach IP Holdings, LLC, Coach Services, Inc., and Tapestry, Inc. (collectively, "Coach") respectfully requests a fourteen (14) day extension of time to respond to certain written discovery requests served by Defendants Vinci Brands LLC, Onward Brands LLC, Charles Tebele, and Sam "Sonny" Haddad on December 5, 2025.  Specifically, Coach seeks an additional fourteen (14) days, to and through Monday, January 19, 2026, to respond to the following: (i) Defendant Charles Tebele's Interrogatories, (ii) Defendant Onward Brands LLC's Interrogatories, (iii) Defendant Sonny Haddad's Interrogatories, (iv) Defendant Vinci Brands LLC's Interrogatories, (v) Defendant Onward Brands LLC's Request for Admission, and (vi) Defendant Vinci Brands LLC's Requests for Admission (collectively, the "Written Discovery").  Currently, Coach's deadline to respond to the Written Discovery is Monday, January 5, 2025.  Counsel for Coach respectfully submits that no party will be prejudiced by the requested extension.

On December 23, 2025, counsel for Coach sought Defendants Vinci Brands LLC ("Vinci"), Onward Brands LLC ("Onward"), Charles Tebele ("Tebele"), and Sam "Sonny" Haddad's ("Haddad") (collectively, the "Discovery Defendants") consent to a straightforward fourteen (14) day extension of time to respond to the lengthy, and fact intensive, Written Discovery.  In total, Vinci, Onward, Tebele, and Haddad propounded ninety-seven (97) separate interrogatories, the vast majority of which contain multiple components requiring factual input from representatives of Coach.  In addition, Vinci and Onward also collectively served two hundred seven (207) requests for admission on Coach.  Given the timing of Coach's response deadline in connection with the end of the year and observance of holidays, Coach in good faith requested additional time to permit counsel for Coach to efficiently gather information in order to respond to the Written Discovery.

Instead of agreeing to this extension, the Discovery Defendants proposed to accommodate a brief extension of an additional five (5) days for responses to the Requests for Admission and an additional seven (7) days for responses to the Interrogatories, only if Coach agreed to additional terms set forth by the Discovery Defendants.  *See* Exhibit 1, a true and correct copy of counsel for the Discovery Defendants' email correspondence dated December 29, 2025.  The Discovery Defendants' terms are improper and impose additional burdens on Coach in excess of Coach's obligations under

The Honorable Valerie Figueredo                                                                Page 2
December 30, 2025

this Court's Local Rules, specifically Local Rule 33.3, and the Federal Rules of Civil Procedure. *First*, the Discovery Defendants premised their "accommodation" on an "expectation that responses will be complete and substantive, not limited to boilerplate objections or reservation of rights." *See* Ex. 1. To be clear, Coach fully intends to respond to each individual interrogatory and request for admission in accordance with Coach's obligations under this Court's Local Rules and the Federal Rules of Civil Procedure. Any extension of time, however, should not require Coach to potentially waive any valid objections to the Discovery Defendants' Written Discovery by agreeing to respond to the Discovery Defendants' satisfaction.

*Second*, the Discovery Defendants demand Coach provide "on a rolling basis, rather than waiting for the extended deadline," any responses already prepared. This demand of providing "rolling responses" is unnecessary and does not benefit any party. As of today, no party has noticed a deposition of any witness, and it is unclear how responding to the Written Discovery on a "rolling basis" serves to benefit any party other than to impose additional burdens on Coach.

*Third*, the Discovery Defendants demand the parties, by January 7, 2026, at 5:00pm ET, exchange (i) the list of witnesses each party intends to depose, and (ii) at least three specific dates of availability in January and February for each such witness, including any Rule 30(b)(6) designee. Coach is willing to timely meet and confer with all counsel to schedule depositions within the current discovery period, but premising Coach's requested extension on the parties' exchanging of specific witness names, and availability, is improper. Moreover, Coach is unsure how it is supposed to meet the Discovery Defendants' demands of providing the availability of specific Coach witnesses on the same day the Discovery Defendants identify the identity of each witness they intend to depose.

In sum, Coach simply requests a routine extension of time to respond to the Written Discovery served on December 5, 2025, by the Discovery Defendants. Coach is not requesting the Court extend, or reset, any of the previously set discovery deadlines, and Coach fully intends on meeting the discovery schedule previously set by the Court. This is Coach's first request to extend the deadline to respond to the Written Discovery.

Coach thanks the Court for its attention to this important matter.

Respectfully submitted,

*/s/ Timothy R. Beyer*
One of the counsel for Coach IP Holdings, LLC,
Coach Services, Inc., and Tapestry, Inc.

cc:      All Counsel Via ECF.