**NELSON MULLINS**

Benjamin J. Sitter
Attorney
T: (412) 730-3244
ben.sitter@nelsonmullins.com

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: February 2, 2026**

The motion to seal is GRANTED. The Clerk of the Court is respectfully directed to maintain the "SELECTED PARTIES" viewing level at ECF Nos. 268 and 268-1 and close the motions at ECF Nos. 267 and 276.

**<u>VIA ECF</u>**

The Honorable Valerie Figueredo
Daniel Patrick Moynihan
United States Courthouse, S.D.N.Y.
500 Pearl Street
New York, NY 10007

> RE:  *Coach IP Holdings, LLC, et al. v. ACS Group Acquisitions LLC, et al.,*
> Civil Action No. 1:23-cv-10612-LGS-VF
> *Case Mate's Letter Motion to Seal Exhibits 1 to Vinci's January 21, 2026 Letter Submission [ECF 266]*

Dear Judge Figueredo:

Pursuant to Rule I.g.2 of Your Honor's Individual Practices in Civil Cases, as well as the Court's Order in ECF 271, Case-Mate, Inc. ("Case-Mate") asks the Court to keep Exhibit 1 to Vinci Brands LLC's ("Vinci") January 21, 2026 letter submission regarding personal jurisdiction [ECF 266] under seal. Exhibit 1 is part of a lengthy internal text message thread (iMessages, not WhatsApp) between Case-Mate executives that has been marked Confidential in the companion litigation (*Vinci Brands LLC v. Coach Services, Inc. et al.*. No. 1:23-cv-05138) pursuant to that case's protective order [ECF 233] and was intended for use in that case *only*. Exhibit 1 contains extensive discussions of Case-Mate's financial information, as well as of the non-party executive's personal information, all of which are unrelated to the personal jurisdiction issue presented before the court.

Under *Lugosch*, the Court must undertake a three-step analysis when evaluating a motion to seal. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 125 (2d Cir. 2006). First, the Court will first determine whether the documents at issue are judicial documents. *Id.* "[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document;" instead, a judicial document is one that is "relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119 (internal citation and quotation omitted). A document that is relevant to the performance of the judicial function is one that "'would reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision.'" *In re New York City Policing During Summer 2020 Demonstrations*, 635 F. Supp. 3d 247, 251–52 (S.D.N.Y. 2022) (*quoting Brown v. Maxwell*, 929

The Honorable V. Figueredo
January 30, 2026 | Page 2

F.3d 41, 49 (2d Cir. 2019)). When a party puts forth "clearly losing arguments, thereby engaging in gamesmanship to publicize documents subject to a protective order, the Court is not required to reflexively find that these documents are judicial." *Id.* (internal quotations omitted). "Thus, where a party files materials designated by an opposing party as confidential and the materials are in support of a motion or argument that is obviously meritless . . . the materials will not qualify as judicial documents." *Id.*

Here, Exhibit 1 should not be considered a judicial document because it was put forth in support of a "clearly losing argument" that "is obviously meritless." Vinci's allegations related to personal jurisdiction are demonstrably false, and neither Vinci nor its counsel has a good faith basis to make them. This issue is briefed in full in Case-Mate's Response to Vinci's January 21, 2026 Submission [ECF 272].

As Vinci's counsel admitted to the Court, it has no idea of whether any of the three individuals at issue ever were present in New York in connection with this legal matter (or otherwise). [Jan. 14th Hearing Tr. [ECF 269] at 7.] And Vinci cited no evidence supporting its allegations of the individuals' supposed activity in New York. [*See, generally*, ECF 207.] Even Vinci does not argue that the allegations in the proposed amended complaint give rise to personal jurisdiction. [ECF 266.]

Not only has Vinci set forth "obviously meritless" arguments, but it also attempts to use materials designated by Case-Mate as Confidential (and thus limited to another case) to support such "losing arguments." Case-Mate designated Exhibit 1 as Confidential in Case 5138, intending it for use in that case only pursuant to the protective order [Case 5138 ECF 233]. Despite excerpts from these chats previously being sealed in Case 5138, Vinci now attempts to publicize the document through its meritless personal jurisdiction arguments. In the end, Vinci wants to publish the Confidential text message chain solely to expose private chatter among colleagues that span from sensitive business to private, purely personal commentary, including health issues. The text message thread does not support the personal jurisdiction analysis, and if that is the best Vinci could do (having no substantive evidence to support personal jurisdiction), then it is clear that Vinci should not be allowed to add individual defendants. This is not a judicial document.

If the Court nonetheless determines that the text message chain is a judicial document to which a presumption of access attaches, the Court must then determine the weight of that presumption. *Lugosch*, 435 F.3d at 120. The documents will "fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* Evidence introduced in connection with a dispositive motion "enjoys a strong presumption of public access," while documents that "play only a negligible role in the performance of Article III duties are accorded only a low presumption that amounts to little more than a prediction of public access absent a countervailing reason." *Brown v. Maxwell*, 929 F.3d 41, 49–50 (2d Cir. 2019) (internal quotations omitted). When a court is exercising authority "ancillary to the court's core role in adjudicating a case," the presumption of access may be "lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for Court is being called upon to decide, such materials will be deserving of "limited weight" even if they are a judicial document. *In re New York City Policing During Summer 2020*

The Honorable V. Figueredo
January 30, 2026 | Page 3

*Demonstrations*, 635 F. Supp. 3d at 252. If the documents "themselves play only a negligible role in a court's performance of its Article III duties, then those documents are accorded only a low presumption of public access—little more than a prediction—and the related filings to seal or unseal no more so." *Giuffre v. Maxwell*, 146 F.4th 165, 181 (2d Cir. 2025) (internal quotations omitted).

After determining the weight of the presumption of access, the Court must balance competing considerations against the presumption. *Lugosch*, 435 F.3d at 120. "Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* (internal quotations omitted). Courts routinely grant motions to seal documents "to prevent the unauthorized dissemination of confidential business information, as well as proprietary technical and trade secret information." *Samsung Elecs. Co. v. Microchip Tech. Inc.*, 748 F. Supp. 3d 257, 261 (S.D.N.Y. 2024); *see also Fairstein v. Netflix, Inc.*, No. 20-CV-8042 (PKC), 2023 WL 6164293, at *4 (S.D.N.Y. Sept. 21, 2023) (granting motion to seal where "proprietary and confidential materials about business operations that, if disclosed, have the potential to harm Netflix's competitive standing); *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *7 (S.D.N.Y. Mar. 31, 2021) (finding that "the countervailing privacy concerns outweigh the public's need for public access" with respect to Microsoft's confidential technical information).

Here, if the Court determines that Exhibit 1 is a judicial document to which a presumption of access attaches, that presumption of access should be given little weight. The Court was not tasked with exercising its core function of adjudicating the merits of this case when considering Vinci's letter submission. Moreover, Exhibit 1 is ancillary to the resolution of the personal jurisdiction issue, particularly because it does not show that any of the individual defendants were in New York or willfully submitted themselves to this Court's jurisdiction. Instead, it seems as though Vinci's counsel attached the thread for other purposes wholly unrelated to the jurisdictional analysis underway. Hence, any presumption of access is at the very lowest end of the continuum.

Exhibit 1 contains substantial non-public business information, including discussions of revenues, margins, costs, inventory, financing structure, negotiations, diligence strategy, and other sensitive competitive information. Courts routinely recognize the protection of confidential commercial information as a "higher value" sufficient to justify sealing where disclosure could cause competitive harm. *See In re B&C KB Holding GmbH*, No. 22-mc-180, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023) (noting courts "routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information"); *In re China Construction Bank Corp.*, No. 24-CV-3591, 2025 WL 3484796, at *2 (S.D.N.Y. Dec. 5, 2025) (sealing document that contained "sources of revenue" because it "outweigh[ed] the interest in public access to the exhibit."). This Court has similarly granted motions to seal similar information another case involving the same parties. [*See* ECF 979 and ECF 1000 at 2 in the 5138 matter]. Exhibit 1 also contains the personal information of non-party individuals, including their sensitive health and medical information. Courts have held that confidential personal information, particularly of non-parties, implicated privacy interests. *See In re B&C KB Holding GmbH*, 2023 WL 2021299, at *1 ("[C]ourts have permitted the filing under seal of documents that include personal data, in order to prevent the unauthorized dissemination

The Honorable V. Figueredo
January 30, 2026 | Page 4

of such data and to protect an individual's privacy interest in that data, or the privacy interests of third parties.").

For these reasons, Case-Mate asks the Court to permanently seal Exhibit 1 to Vinci's January 21, 2026 letter [ECF 266]. We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Benjamin J. Sitter*
Benjamin J. Sitter
Counsel for Case-Mate, Inc.