**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
COACH IP HOLDINGS, LLC, et al.,

                         Plaintiffs,                 **23-CV-10612 (LGS) (VF)**

          -against-                         **ORDER**

ACS GROUP ACQUISITION LLC, et al.,

                         Defendants.
------------------------------------------------------------------X
**VALERIE FIGUEREDO, United States Magistrate Judge**

On January 30, 2026, Vinci Brands LLC, Onward Brands LLC, ACS Group Acquisition LLC, Charles Tebele, and Sam Haddad (collectively, "Defendants") submitted a letter motion, seeking a conference to discuss compelling Coach Services, Inc. and Tapestry, Inc. (collectively "Plaintiffs") to permit Defendants to depose Todd Kahn, the Chief Executive Officer of Coach. See ECF No. 275. Plaintiffs oppose the request. See ECF No. 280. For the reasons explained herein, the request to compel the deposition of Kahn is denied without prejudice to renew the request at a later time.

Although Kahn is a CEO of Coach, he is "not immune from discovery." Hallmark Licensing LLC v. Dickens Inc., No. 17-CV-2149 (SJF) (AYS), 2018 WL 6573435, at *4 (E.D.N.Y. Dec. 13, 2018) (citation omitted). Nonetheless, "[b]ecause of the possibility of business disruption and the potential for harassment, courts give special scrutiny to requests to depose high-ranking corporate and governmental officials, who are sometimes referred to as 'apex witnesses.'" Chevron Corp. v. Donziger, No. 11-CV-0691 (LAK) 2013 WL 1896932, at *1 (S.D.N.Y. May 7, 2013). In determining whether a high-ranking official should be deposed, courts look to "the likelihood that the individual possesses relevant knowledge, whether another

source could provide identical information, the possibility of harassment, and the potential disruption of the business." Hallmark Licensing LLC, 2018 WL 6573435, at *5.

Under this framework, Kahn should not be required to appear for a deposition at this stage of discovery. At this juncture, the documents cited by Defendants demonstrate that the information they seek might be obtained from other sources, such as Charlotte Warshaw and Jude Allan. The communications cited by Defendants show that Kahn may have delegated the task of considering a new licensee to Warshaw and merely remained apprised of the negotiations through updates from Warshaw. The communications involving Kahn and Allen, as Coach points out, involved discussions about a meeting that Kahn does not appear to have ultimately attended. Although the communications cited by Defendants indicate that Kahn was aware of the situation with Vinci, it is not apparent that he has sufficient relevant knowledge to require his deposition now, before hearing from other witnesses, such as Warshaw or Allan. Relatedly, it is not clear that Defendants have exhausted other less intrusive means before seeking Kahn's deposition. Defendants intend to depose Warshaw and Khan. If following those depositions (or the depositions of other witnesses), it becomes apparent that Kahn's involvement was more significant than the documents discussed in Defendants' submission indicate, then Defendants can renew their request for Kahn's deposition.

The Clerk of the Court is respectfully directed to close the motion at ECF No. 273.

**SO ORDERED.**

DATED:      New York, New York
            February 9, 2026

VALERIE FIGUEREDO
United States Magistrate Judge

2