March 17, 2026

Timothy R. Beyer
Partner
Direct:  +1 303 866 0481
tim.beyer@bclplaw.com

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: March 19, 2026**

Defendants are directed to provide a response by **March 23, 2026**.

Honorable Valerie Figueredo
Daniel Patrick Moynihan
United States Courthouse, S.D.N.Y.
500 Pearl Street
New York, NY 10007

**Re:**   ***Coach IP Holdings, LLC, Coach Services, Inc., and Tapestry, Inc., v. ACS Group Acquisitions LLC, et al.*, 1:23-cv-10612: Request to Depose Paul Jaurequi**

Dear Judge Figueredo:

Coach IP Holdings, LLC, Coach Services, Inc., and Tapestry, Inc. (collectively, "Coach") respectfully request leave to depose the former "VP of Sales and Strategic Partnerships" of Defendant Vinci Brands LLC ("Vinci"), Mr. Paul Jaurequi.

On the morning of March 13, 2026, the parties jointly requested an extension of the fact discovery period through April 15, 2026 for the limited purpose of taking seven depositions. ECF 289.[1]  A deposition of Mr. Jaurequi was not included in that request because, although Coach timely issued a subpoena to him for a deposition to occur on March 13, 2026, Coach understood that Mr. Jaurequi had neither been served with nor received the subpoena.  *See* Ruber Decl., ¶¶ 6-8; *see also* Williamson Decl., ¶ 6.  And, at that time, there had been no communication(s) with Mr. Jaurequi. Ruber Decl., ¶¶ 9-10; Williamson Decl., ¶¶ 8-9.

However, in the afternoon that same day, March 13, 2026, Coach first learned that Paul Jaurequi, had in fact received the subpoena when he appeared for the noticed deposition.  Williamson Decl., ¶¶ 5-11.  Coach apologized to Mr. Jaurequi for the misunderstanding, Mr. Jaurequi responded that he remains willing to appear for a deposition, and Coach promptly contacted Vinci and the other Defendants to coordinate adding the deposition of Mr. Jaurequi to the extension request.  Williamson Decl., ¶¶ 5-14; Exhibit A, Williamson Email.

Notwithstanding the Parties' agreement to take seven other depositions after the original discovery deadline (including depositions that the Defendants themselves sought to move), Defendants now refuse to consent to any deposition of Mr. Jaurequi, even if it is conducted on or before April 15, 2026, based solely on the fact that his deposition would be the eleventh taken by Coach.  Because his testimony is potentially important to central issues in the case, and there was and is no delay on Coach's behalf, and there is no possible prejudice to Vinci or any other Defendant, Coach requests leave to conduct the deposition.

As a Vinci's former "VP of Sales and Strategic Partnerships," Mr. Jaurequi was in an "executive leadership role" that included "overseeing…Tapestry-licensed partners Kate Spade and

---

[1]    The Court subsequently granted that request. ECF 290.

Coach." *See* https://www.linkedin.com/in/pauljaurequi/ (partial screenshot below). Mr. Jaurequi's nonduplicative, relevant knowledge includes, at least, facts and information related to material issues in this dispute, for example: (i) certain "non-cancellable" orders placed by Coach that Vinci did not fulfill – an issue wholly unique to this case, separate and apart from any issues in the Kate Spade cases (indeed, Mr. Jaurequi was not subpoenaed in those cases); (ii) what constitutes a "written order" for purposes of post-expiration rights under the License Agreement; and (iii) Vinci's damages claim. Importantly, Mr. Jaurequi's sales role uniquely positions him to testify as to such facts and information because none of the other deponents held a similar role, knew those facts, or held that information. All were instead in ownership positions, had an operations role, or focused on the licensing relationship itself. Indeed, when Coach attempted to communicate with Vinci regarding the orders placed by Coach that Vinci did not fulfill, it reached out to Mr. Jaurequi (not any of the other deponents). *See* Exhibit B, Emails at COACH00015338; Exhibit C, Emails at COACH00016343; Ruber Decl., ¶¶ 11-12.



https://www.linkedin.com/in/pauljaurequi/ (partial screenshot, above)

Defendants now object to Mr. Jaurequi's deposition as improper because it will occur after the March 16, 2026 fact discovery cutoff. Defendants' position ignores that: (i) Coach timely sought Mr. Jaurequi's deposition within the fact discovery period; (ii) the fact discovery period has been extended to permit seven other depositions to go forward; and (iii) it was Defendants who sought to move three of those seven depositions – the depositions of Sabrina Patrono, ACS (Rule 30(b)(6)) and Charlie Tebele – and Coach in good faith accommodated those requests. Defendants will incur no actual prejudice by this one additional deposition also occurring in the existing timeframe.

Defendants also now object that Mr. Jaurequi's deposition would exceed Fed. R. Civ. P. 30(a)(2)(i)'s ten-deposition limit. By this letter Coach is requesting leave, which "the court must grant . . . to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2). As described above, the facts and information about which Mr. Jaurequi has unique knowledge are unquestionably relevant to material issues. *See* Fed. R. Civ. P. 26(b)(1). And nothing under Fed. R. Civ. P. 26(b)(2) suggests that the Court should limit discovery here.

Coach seeks leave to conduct one additional deposition, and will do so remotely (via Zoom) for the convenience of Mr. Jaurequi and the Parties. Mr. Jaurequi consents to this deposition. Williamson Decl., ¶ 12. And, Defendants will not be prejudiced by Coach taking this one additional, limited deposition within the existing April 15, 2026 fact discovery extension.

For these reasons, the Court should grant Coach's request for leave to depose Mr. Jaurequi.

The Honorable Valerie Figueredo                                                                                    Page 3
March 17, 2026

Respectfully submitted,

*/s/ Timothy R. Beyer*
One of the counsel for Coach IP Holdings, LLC,
Coach Services, Inc., and Tapestry, Inc.

cc:      All Counsel Via ECF.