June 12, 2026

Timothy R. Beyer
Partner
Direct: +1 303 866 0481
tim.beyer@bclplaw.com

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: June 15, 2026**

Defendants are directed to respond by **June 17, 2026**. Defendants are directed to indicate whether Coach is correct that other expert depositions in this and related cases have occurred where the expert is located.

Honorable Valerie Figueredo
Daniel Patrick Moynihan
United States Courthouse, S.D.N.Y.
500 Pearl Street
New York, NY 10007

**Re:    *Coach IP Holdings, LLC, Coach Services, Inc., and Tapestry, Inc., v. ACS Group Acquisitions LLC, et al.*, 1:23-cv-10612:**
**Letter Motion Seeking an Order Concerning ACS Sales Records**

Dear Judge Figueredo:

Plaintiffs Coach IP Holdings, LLC, Coach Services, Inc., and Tapestry, Inc. (collectively, "Coach") respectfully request a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1)(B) in regard to the deposition notice for Coach's expert witness Jon Ahern served by Defendants Vinci Brands LLC, ACS Group Acquisition LLC, Onward Brands LLC, Charles Tebele, and Sam "Sonny" Haddad (collectively, "Defendants") demanding that he appear for a deposition in New York City on June 29, 2026. Coach only challenges the location of the deposition; the date is among those offered by Coach. The witness is located in Denver, as is Coach's undersigned counsel, so we intend to attend the deposition together. How Defendants' counsel attends—in person or remotely—is his choice. Defendants' counsel demands that if Coach's counsel will attend in person the deposition occur in New York rather than where the expert is located. Every expert deposition in these related KSNY/Coach cases has, by agreement of all counsel, been held where the expert is located, and counsel have all traveled to that location. Defendants' counsel's demand deviates from the agreed protocol, and for no valid reason. Counsel met and conferred and were unable to agree. The options are (1) hold the deposition in Denver but have all counsel appear remotely (Defendants' proposal), or (2) hold the deposition in Denver and each counsel can decide for themselves whether they attend in person or remotely (Coach's proposal). We ask that the Court order that the deposition take place in Denver and that counsel are free to decide whether to attend in person or remotely.

On June 10, 2026, counsel for Defendants informed counsel for Coach that it would be taking the deposition of Mr. Ahern and offered, "It can be completed fully remote if that's agreeable to you." The same day, counsel for Coach responded, "I will be with Mr. Ahern but up to you whether you participate in person or remotely." On June 11, 2026, counsel for Defendants stated that "his deposition will need to be fully remote or in-person at DHC's [Defendants' counsel] offices" in New York.

Coach's counsel responded, "Unless ordered otherwise by the court we will adhere to the process we have used for every expert deposition in these cases (other than the short continuations ordered by the court), and produce the expert where he/she is located, in this case Denver. I will be

The Honorable Valerie Figueredo                                                                            Page 2
June 12, 2026

with the expert; you are welcome to attend in person, as your side's counsel has done for every expert so far, or to participate remotely. We will accommodate you whichever way you want to go." There have been numerous expert depositions in the related cases and the parties in the Coach case agreed they could all be used in this case, and in each of them the party producing the expert appeared in person with the witness.

Without an explanation of why the approach agreed to and used by all parties to date is suddenly unacceptable or how Defendants would be prejudiced by Coach's counsel sitting in the same room as Mr. Ahern for a remote deposition, counsel for Defendants noticed the deposition for its New York offices. Coach therefore seeks a protective order that Mr. Ahern not be required to travel to New York City for an in-person deposition where counsel for Defendants has no objection to taking the deposition remotely on the condition that Coach's counsel not sit in the same room as Mr. Ahern.

"When the parties cannot agree on a location, 'courts retain substantial discretion to determine the site of a deposition.'" *SEC v. Aly*, 320 F.R.D. 116, 118 (S.D.N.Y. 2017) (quoting *Lewis v. Madej*, 2016 WL 590236, at *3 (S.D.N.Y. Feb. 11, 2016)). "Factors guiding the Court's discretion include the cost, convenience, and litigation efficiency of the designated location." *Id.*[1]

Here, all the factors point toward a remote deposition, with Coach's counsel being permitted to sit in the same room as Mr. Ahern. This option, which Defendants only refuse to agree to because counsel will be in the same room as Mr. Ahern, will clearly be cheaper and more convenient than requiring Mr. Ahern to travel across the country. Litigation efficiency is also met by holding the deposition remotely. Coach offered to hold the deposition in the same manner that the same defense parties agreed to in the related KSNY cases for expert depositions—in person in the location that the expert is located. When counsel for Defendants indicated he was unwilling to travel to Denver, but was willing to take the deposition remotely, Coach's counsel agreed to this as well. It is only Defendants' insistence that counsel for Coach not be present in the same room as Mr. Ahern that caused Defendants to retract this offer.

Yet, Defendants have identified no prejudice that will result from Coach counsel attending the deposition in person. Mr. Ahern should be permitted to have Coach's counsel present with him regardless of whether the deposition is remote or in person, and Defendants should not be permitted to impose significant costs and inconvenience on Mr. Ahern in response to his exercise of this option where Defendants are otherwise unopposed to a remote deposition. *See Aly*, 320 F.R.D. at 119

---

[1] While there is case law stating that expert deposition should be taken in New York rather than in the expert's location (1) here, unlike in those cases, the parties have established an agreement to take depositions in the location of the expert and (2) those cases concern whether counsel should be required to travel to the expert's location, which neither side is proposing in this instance. *See, e.g.*, *Menorah Home & Hosp. for the Aged & Infirm v. Fireman's Fund Ins. Co.*, 2010 WL 11595707, at *1 (E.D.N.Y. Feb. 18, 2010) ("Menorah argues that the deposition should take place in New York while Trane suggests it should take place in Wisconsin."); *Mark Andrew of the Palm beaches, Ltd. v. GMAC Comm. Mortg. Corp.*, 2002 WL 31366235, at *1 (S.D.N.Y. Oct. 21, 2002) ("[D]efendant seeks either a preclusion of these experts' testimony or an order requiring them to come to New York within a specified time period or face preclusion. Plaintiffs urge that the court should instead require defendants' attorneys and consultants to fly to California, presumably at their own expense, to take the deposition of both witnesses.").

The Honorable Valerie Figueredo                                                          Page 3
June 12, 2026

("Th[e] potential burden on travel to each side plainly points to holding the deposition by videoconference. This is frequently a preferred solution to mitigate the burden of a deposition location inconvenient to one or both sides.").[2]

Defendants have not articulated any reason for this sudden deviation from the agreed protocol for expert depositions. As Defendants' various lawyers have traveled to every expert deposition to date, it is not plausible that cost is the issue, and Coach's counsel has expressed that Defendants' counsel is welcome to attend in any manner he chooses and accommodations will be made accordingly. There is no legitimate basis to impose this demand. Coach thanks the Court for its attention to this matter.

Respectfully submitted,

/s/ Timothy R. Beyer
One of the counsel for Coach IP Holdings, LLC,
Coach Services, Inc., and Tapestry, Inc.

cc:      All Counsel Via ECF.

---

[2] To the extent that Defendants argue that having some counsel present and other counsel remote raises fairness concerns, such concerns are not implicated where the defending counsel is present and the deposing counsel is willing to take the deposition remotely. This is different from scenarios where the deposing counsel would be the only one present with the witness and the defending counsel wishes to appear remotely.