**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE    Dated: June 17, 2026

Coach's letter motion for a protective order is denied. Given the case law making clear that New York is the presumptive location for the deposition of Coach's expert, Mr. Ahern, and because no other expert depositions has yet to take place in this case, the deposition should take place either in New York or remotely with all counsel appearing via Zoom. The Clerk of Court is respectfully directed to terminate the gavel at ECF No. 331.

WRITER'S DIRECT: (646) 428-3272
E-MAIL: mry@dhclegal.com

**VIA CM/ECF**
Hon. Valerie Figueredo, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Coach IP Holdings, LLC, et al. v. ACS Group Acquisition LLC, et al.*, No. 1:23-cv-10612 (LGS) (VF)

Dear Judge Figueredo:

This firm represents Vinci Brands LLC ("**Vinci**"), Onward Brands LLC ("**Onward**"), ACS Group Acquisition LLC ("**ACS**"), Charles Tebele, and Sam Haddad (Vinci, Onward, ACS, Tebele, and Haddad collectively, "**Defendants**") in the above-captioned matter against Coach IP Holdings, LLC ("**Coach IP**"), Coach Services, Inc. ("**Coach Services**"), and Tapestry, Inc. ("**Tapestry**") (Coach IP, Coach Services, and Tapestry collectively, "**Coach**"). We write in opposition to Coach's letter motion dated June 12, 2026 seeking a "protective order that Mr. Ahern not be required to travel to New York City for an in-person deposition."

On June 11, 2026, Defendants served counsel for Coach an Amended Notice of Deposition, which notice demanded that Mr. Ahern appear for an in-person deposition at the undersigned's New York City offices on June 29, 2026, a date on which Coach had previously communicated that counsel and Mr. Ahern were available. Coach is now baselessly refusing to produce Mr. Ahern in New York.

There exists substantial case law establishing that Mr. Ahern's "expert deposition should be taken in New York rather than in [his] location." While generally speaking, a party seeking discovery must go where the desired witnesses are normally located, that same logic is inverted "where the witness in question is a party's designated expert." *In re Fosamax Prods. Liab. Litig.*, No. 106-MD-1789 JFK JCF, 2009 WL 539858, at *1 (S.D.N.Y. Mar. 4, 2009) (citing *Frederick v. Columbia University*, No. 01 Civ. 4632, 2003 WL 260685, at *1 (S.D.N.Y. Feb. 4, 2003)). In *Frederick*, the plaintiff's expert, who worked in California, was required to appear for deposition in New York where the case was filed because, as the court reasoned, "Plaintiff chose his expert and should produce the deponent without creating unreasonable litigation expenses for defendants." *Id.*; *see also Lent v. Fashion Mall Partners*, 223 F.R.D. 317, 318 (S.D.N.Y. 2004)

**DAVIDOFF HUTCHER & CITRON LLP**

Hon. Valerie Figueredo, U.S.M.J.
June 16, 2026
Page 2

(holding that defendants should not be "forced to pay the increased costs associated with the [p]laintiff's decision to engage an expert from another part of the country"); *Gordon v. New England Cent. R.R., Inc.*, No. 2:17-CV-00154, 2019 WL 8104993, at *1 (D. Vt. Jan. 30, 2019) ("When Mr. O'Toole agreed to serve as an expert for Defendant, he presumably did so with the knowledge that the case was pending in the District of Vermont and that he might need to travel to Vermont to testify. Because Defendant failed to show that it would suffer an "undue burden or expense" from having its expert appear for a deposition in Vermont, the court DENIES Defendant's motion for a protective order."); *Menorah Home & Hosp. for the Aged & Infirm v. Fireman's Fund Ins. Co.*, No. 04 CV 3172 (FB), 2010 WL 11595707, at *2 (E.D.N.Y. Feb. 18, 2010) ("Presumably, the expert consented to be an expert witness in this case with the knowledge that the case had been filed in New York. Therefore, the Court ORDERS the deposition to take place in New York.").

So too here, Coach filed this case in New York federal district court. Notwithstanding same, it chose a Denver-based expert "with the knowledge that the case had been filed in New York," thereby warranting his production in New York. Not only that, this case concerns alleged breaches of a license agreement that was governed by New York law. All Plaintiffs, namely Coach IP, Coach Services, and Tapestry, are domiciled in New York. Nearly all Defendants, namely Onward, ACS, Tebele, and Haddad, are domiciled in New York. The undersigned counsel for Defendants is based and headquartered in New York. In fact, counsel for Coach retains its second largest office in the United States in New York. Stated another way, nearly every fact, circumstance, and party supports conducting Mr. Ahern's deposition in New York. The only factors supporting otherwise, the locations of Coach's lead counsel and expert witness, were selected by Coach with knowledge that this case would be litigated in New York.

Coach cites some "agreed protocol for expert depositions" governing "these cases," in which the "parties" apparently agreed to "produce the expert where he/she is located." The undersigned law firm was not privy to this "agreed protocol." However, it can represent that counsel for parties to *Vinci Brands LLC v. Coach Services, Inc., et al.*, No. 1:23-cv-5138 (the "**Vinci Action**") and *Kate Spade LLC v. Vinci Brands, LLC*, No. 1:23-cv-5409 (the "**KSNY Action**") (together, the "**Related Actions**") agreed to depose experts where such experts were located. However, that agreement was reached in different actions (i.e., the Related Actions), by and between different legal counsel, and on behalf of different parties. Notably, no such agreement was ever reached or (until last week) even discussed in this action: *Coach IP Holdings, LLC, et al. v. ACS Group Acquisition LLC, et al.*, No. 1:23-cv-10612 (LGS) (VF).[1]

This Court has asked Defendants whether "other expert depositions in this [action] and [the Related Actions] have occurred where the expert is located." The undersigned counsel can represent that expert depositions in the Related Actions occurred where the expert was located. However, no expert depositions have been conducted in this action: *Coach IP Holdings, LLC, et al. v. ACS Group Acquisition LLC, et al.*, No. 1:23-cv-10612 (LGS) (VF).

---

[1] In the Related Actions, all parties elected to engage experts and therefore, the foregoing agreement reached in the Related Actions benefited all parties to the Related Actions. In this action, only Coach has elected to engage an expert.

DAVIDOFF HUTCHER & CITRON LLP

Hon. Valerie Figueredo, U.S.M.J.
June 16, 2026
Page 3

As a compromise, on June 10, 2026, the undersigned counsel informed counsel for Coach that rather than requiring the physical appearance of Coach's expert in New York, it would agree to conduct same via Zoom, provided that such deposition was "fully remote." Also on June 10, 2026, counsel for Coach rejected the undersigned's proposal, stating that Defendants took Mr. Ahern's deposition remotely, counsel would be in the room with the witness during the deposition. When pressed during the meet-and-confer on why he was unwilling to even consider a fully remote deposition, Mr. Beyer, lead counsel for Coach, was unable to articulate a substantive reason. And indeed, just two months ago, Mr. Beyer elected to defend – fully remote – the deposition of Coach witness Judith Allan. Coach has also elected to take numerous depositions fully remote, namely that of Vinci, Steve Latkovic, Bobby Sutton, Marshall Clark, Michelle Dittmer, and Paul Jaurequi. Succinctly stated, when it suits its interests, Coach is ready, willing, and able to proceed fully remotely. Mr. Beyer could not articulate any substantive reason as to why he was unwilling to consider a fully remote deposition because no credible reason exists. Instead, he stated that he was entitled to be in the room if he so pleased. Of course, Mr. Beyer is correct. He is entitled to be in the room with the witness. But according to overwhelming case law, that room is located in New York.[2]

Lastly, like countless of its prior filings, Coach's June 11, 2026 letter motion directly violates this Court's Individual Practices in Civil Cases by, among other things, failing to identify "(1) the date and time of such [meet-and-confer] conference"; "(2) the approximate duration of the conference"; "(3) the names of the attorneys who participated in the conference"; and "(5) that [Coach] informed [Defendants] during the conference that [Coach] believed the parties to be at an impasse and that [Coach] would be requesting a conference with the Court," in direct violation of this Court's Individual Practices in Civil Cases. *See id.*, at II.c.2. Indeed, it fails to even allege that a meet-and-confer conference was conducted. Candidly, Coach's juvenile campaign of repeatedly and deliberately violating this Court's rules is beginning to resemble a troll. Whether the insult is directed at the undersigned or this Court is unclear. In any event, we respectfully submit that this Court not reward such improper and unseemly conduct.

Respectfully submitted,

Matthew R. Yogg

MRY/

---

[2] The concern with conducting a partially remote deposition (in which the taking attorney takes same remotely while the defending attorney sits in the same room as the deponent) are well documented. The setup facilitates the improper coaching of witnesses, even if the defending attorney is not deliberately or consciously perpetrating same.